# Nueces County v. Ann Currington et al.

No. 7880. Decided May 20, 1942.
Rehearing overruled June 17, 1942.
(162 S. W., 2d Series, 687.)

*Linton S. Savage* and *Hal F. Rachal*, of Corpus Christi, for plaintiff in error.

The Court of Civil Appeals erred in holding that the trial court correctly sustained the general demurrer to plaintiff's petition. Crosby County Cattle Co. v. McDermett, 281 S. W. 293; Morris v. State, 47 Texas 583; Tarrant County v. Rogers, 104 Texas 224; Webb County v. Gonzales, 6 S. W. 781.

*B. D. Tarlton* and *Chas. L. Hale, Jr.*, both of Corpus Christ, for defendants in error.

The trial court properly sustained defendants' general demurrer because plaintiff's petition did not state a cause of action. City of San Angelo v. Deutsch, 91 S. W. (2d) 308; Morris v. Kasling, 79 Texas 147, 15 S. W. 227; State ex rel Lancaster County Commissioners v. Holm, 70 Neb. 606, 97 N. W. 821, 64 L. R. A. 131.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

This case is before us on the question of the correctness of the action of the courts below in sustaining a general demurrer to the petition of Nueces County seeking recovery from Mrs. Ann Currington and her official surety, American Surety Company, of fees in the aggregate sum of $4,663.00 which the county alleges she collected and failed and refused to account for during five years of her tenure as county assessor and collector of taxes. The county will be referred to as plaintiff and Mrs. Currington as defendant. See the opinion of the Court of

Civil Appeals for a detailed statement of the case. 151 S. W. (2d) 648.

The sum of $634.00 of the amount stated was retained by defendant in 1935, which was in excess, to that amount, of the maximum allowed by law to be retained by her as the annual compensation for official service ($4,250.00) and for the operating expenses of her office. The balance sued for ($4,029.00) represents the aggregate amount of the fees retained by her in excess of salary and office expenses allowed for the years 1936 to 1939 inclusive.

■ It may be stated at the outset that the Court of Civil Appeals correctly holds that a fee paid a public officer for the performance of a duty enjoined by statute is a fee collected in an official capacity. It is equally true that unless a fee is provided by law for an official service required to be performed and the amount thereof fixed by law, none can lawfully be charged therefor. State v. Moore, 57 Texas 307, 320, 321; McCalla v. City of Rockdale (Com. App.) 246 S. W. 654. It does not follow however that a county whose official collects a fee wrongfully, but under color of office, is not entitled to have same deposited and paid over in the same manner as is required for disposition of fees rightfully collected. Whether a county official who has wrongfully collected fees officially is estopped to assert as against the county a personal claim thereto, is not before us. The only questions presented are those arising by virtue of the upholding by the Court of Civil Appeals of the action of the trial court in sustaining defendant's general demurrer to the county's petition.

■ The provisions of the statutes controlling the disposition of funds by assessors and collectors of taxes of counties within the class of Nueces County (as to number of inhabitants) for the year 1935, are contained in Article 3891 R. C. S. 1925, as amended by the 43rd Legislature, sec. 2, ch. 220, p. 734. As amended it provides, among other things, as follows:

"Each officer * * * (including tax assessor and collector) shall first out of the current fees of his office pay or be paid the amount allowed him * * *. If the current fees of such office collected in any year be more than the amount needed to pay the amounts above specified, same shall be deemed excess fees, and shall be disposed of in the manner hereinafter

provided. * * * In counties containing as many as * * * 37,501 and not more than 60,000 inhabitants, * * * county officers named herein shall retain one-third of such excess fees until such one-third, together with the amount specified in Article 3883, amounts to * * * $4,250.00 * * *. All current fees earned and collected * * * during any fiscal year in excess of the maximum and excess allowed by this Act, and for their services and * * * and authorized expenses, * * * shall be paid into the County Treasury * * *. *The compensation limitations and maximums herein fixed shall also apply to all fees and compensation whatsoever collected by said officers in their official capacity, whether accountable as fees of office under the present law,* (or not) and any law, general or special, to the contrary is hereby expressly repealed. The only kind and character of compensation exempt from the provisions of this Act shall be rewards received by Sheriffs * * * and moneys received by County Judges and Justices of the Peace for performing marriage cerremonies, which sums shall not be accountable for * * * as fees of office."

In the light of the foregoing governing statutory provisions defendant could not lawfully retain the $634.00 in excess fees collected by her in 1935, and she owed to the county the duty of paying same into the county treasury. In failing and refusing so to do she breached her official duty and, as will subsequently appear, both she and her surety became liable to the county therefor. In determining whether they are liable also for defendant's retaining in like manner the fees in question for the years 1936 to 1939 inclusive, it will be necessary to look also to the act of 1935 presently to be discussed.

■ In 1935 the people adopted a constitutional amendment which provided that "* * * all county officers in counties having a population of 20,000 or more" should from January 1, 1936, "be compensated on a salary basis." The amendment provided also that "all fees earned by * * * county * * * officers shall be paid into the county treasury * * * when collected * * *." St. Const. Art. 16, sec. 61. Pursuant to the constitutional mandate the legislature passed and approved (November 15, 1935) a comprehensive act prescribing in the manner therein stated the compensation of district, county and precinct officers. Sec. 1, acts 44th Leg., 2nd C. S., ch. 465, p. 1762, now sec. 1, Art. 3912e, Vernon's Ann. Civ. St. The act carries by recitation (sec. 24) the legislative interpretation that the amendment

made "it mandatory that *constitutional county officers in counties having a population of 20,000 inhabitants or more. * * *be compensated solely on a salary basis * * *.*" (Italics ours). It provides in section 1 thereof that no county shall pay to any county officer in a county having the population stated, any fee or commission for any service performed by him, "provided, however, that the assessor and collector of taxes shall continue to collect and retain for the benefit of the Officers Salary Fund or Funds" thereafter provided for "all fees and commissions which he is authorized under law to collect"; and that it "shall be his duty to account for and pay all such moneys received by him into the fund created and provided for * * *." The act further specifically stipulated (sec. 22) that *its provisions should be cumulative of all laws not in conflict therewith.* Under this stipulation of the salary act the above quoted provisions of the 1933 amendment of article 3891 remained in full force and effect to the extent they were not in conflict with the repealing clause of the act. Two of the provisions of the 1933 amendment not in conflict with the provisions of the act of 1935, are (1) that all current excess fees earned and collected in excess of the maximum allowance should be paid into the county treasury, and (2) that the compensation and maximums therein fixed should apply to *all fees and compensation whatsoever collected by said officers in their* official capacities. These provisions therefore remained in full force and effect after the passage of the salary act, and, together with its provisions, govern the disposition of fees collected by defendant during the years 1936 and 1939 inclusive.

The mounts of the fees collected and retained by defendant and not paid into the county fund in accordance with the requirements applicable during the time covered by the last four years of the tenure involved are $1,166.00 in 1936, $1,280.00 in 1937, $546.00 in 1938 and $1,036.00 in 1939, which, together with the $634.00 retained in 1935, aggregate the sum of $4,662.00, the amount sued for by the county.

The entire amount thus retained by defendant was admittedly received by her as compensation for the issuance of tax certificates. Defendant's position (and she is sustained in it by the Court of Civil Appeals) is that the charges collected therefor were not received by her in her official capacity. She concedes she was not entitled to charge for the tax statements issued by her certifying that taxes were *delinquent, or past*

*due and unpaid* on the lands or lots described therein, since she was required by the provisions of article 7324, R. C. S. 1925, to issue and furnish to those designated therein tax statements so certifying. She contends, however, that neither article 7324 nor any other article of the statute required her to furnish to any one a tax statement certifying that *all taxes had been paid* on a particular lot or tract of land. She contends, briefly, that inasmuch as there was no statutory duty on her part to issue to applicants a tax certificate showing a tax status other than that of delinquency the service rendered by her in furnishing certificates showing a different tax status was a personal service; and that being a personal service, she was at liberty to make a personal charge therefor and thus supplement her official compensation to the extent of the amount so charged. Her contention was sustained by the courts below. For reasons presently to be stated the holdings upon which the contention was sustained are erroneous.

■ It is our conclusion that the fees collected, whether rightfully or wrongfully, were for services rendered by defendant officially. It is apparent on the face of the certificates themselves that they were issued officially. Each certificate carried the designation, "Tax Certificate, State of Texas, County of Nueces," over defendant's name signed thereto, as "Tax Collector, Nueces County, Corpus Christi, Texas"; and upon each was impressed her seal of office as the collector of taxes of that county.

■ It is our conclusion also that the issuance of the certificates were required by specific provision of article 7324, R. C. S. 1925, the pertinent portion of which is set out at length in the opinion of the Court of Civil Appeals. The first provision of the article relates to the furnishing of tax statement by the tax collector annually showing the amount of taxes as reflected by the delinquent tax record on file in his office. It requires him to issue each year and mail to the tax roll addresses of the owners of lands or lots in the county, tax statements showing the status thereof as to delinquent or past due and unpaid taxes, and to furnish duplicates thereof to county and district attorneys for the purpose of supplying data to the officials named for use in the collection of taxes and the filing of tax suits. The furnishing of such tax data to the classes of persons and officials named is mandatory and requires no application to the tax collector therefor. The succeeding provision of the article relates to the furnishing of tax certificates upon

application and provides for their issuance regardless of the purpose for which they are desired. It is as follows:

"The tax collector shall furnish on demand of any person, firm or corporation *like statements* with reference to *any particular lot or tract of land for whatever purpose desired,* which shall be in all instances certified by him with the seal of his office attached." (Italics ours).

■ The certificates furnished by defendant were issued in compliance with the foregoing provision of the article. It will be observed that it is made the duty of the tax collector to furnish, "on demand" *with reference to "any particular lot or tract,"* like statements to any person, firm or corporation. The designated statements required to be furnished are not with reference to those lots and tracts appearing only upon the "delinquent tax record," but are with reference to any particular lot or tract. It will be observed also that the statements required to be furnished upon demand are not those mandatorily required to be furnished the officials for the purpose of assisting them in collecting taxes, but are to be furnished the applicants therefor for whatever purpose desired. It is therefore apparent that defendant's contention that the term "like statements," has reference to those tax statements only which show the tax status to be that of delinquence, does not accord with the provisions of the article construed in their entirety. Furthermore, tax statements showing "that all the taxes according to records now on file in my office, have been paid up to and including the year (stating the year and describing the property) with the following exceptions (none)," and those showing with identical wording except that in lieu of the parenthetical statement "none" a statement of the years of delinquency are inserted, are, within the meaning of article 7324, like statements, in that all (whether reflecting taxes delinquent, or taxes paid) show in certificate form, at the respective times of the issuance thereof, the true tax statuses of the respective properties described therein, as disclosed by the records of the office. The contentions are therefore overruled.

It follows from what we have stated that we hold the defendant acted in her official capacity in issuing the tax certificates and receiving therefor the fees sued for by the county; also that it was her duty to account for and pay same into the county treasury for the benefit of the Officers Salary Fund, and that having failed to do so and having breached her official duty in that respect, both she and her surety became liable to the

county therefor. Sec. 2, art. 3891 as amended, 1933, quoted supra; sec. 1, art. 3912e, supra.

The judgment of the Court of Civil Appeals affirming that of the trial court is reversed and the cause is remanded for trial upon its merits.

Opinion adopted by the Supreme Court May 20, 1942.

Rehearing overruled June 17, 1942.