

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 6, 1948

Hon. Jean Day
County Attorney
Henderson County
Athens, Texas

Opinion No. V-655

Re: Allowance to a sheriff of
15¢ per day for safe-keep
of prisoners.

Dear Sir:

We refer to your letter in which you submit the following:

"The Sheriff of Henderson County has filed a sworn account with the Commissioners' Court of Henderson County under the above Section of the Statute and requested that he be paid the sum of 15¢ per day for the safe-keep of each of the prisoners who have been in his custody for the past three months. The Commissioners' Court of Henderson County has refused to pay the Sheriff's account for the reason as stated by them that they are paying the salary of a full-time jailer, who is in charge of the Henderson County Jail and the prisoners kept therein.

"Under the facts stated above, is the Commissioners' Court of Henderson County justified in refusing the payment of the Sheriff's account for the safe-keep of prisoners as provided under Section 1 of said Article 1040?"

Section 61, Article XVI of the State Constitution reads in part:

"All district officers in the State of Texas and all county officers <u>in counties having a population of 20,000 or more, according to the then last preceding Federal Census, shall</u> from the first day of

January and thereafter, and subsequent to
the first Regular or Special Session of the
Legislature after the adoption of this Res-
olution, be compensated on a salary basis."
(Emphasis added)

Henderson County has a population of 31,822,
and, therefore, compensates its officers on a salary
basis.

Section 13 of Article 3912e of Vernon's Civil
Statutes reads in part:

"The Commissioners' Court in counties
having a population of twenty thousand (20,-
000) inhabitants or more, and less than one
hundred and ninety thousand (190,000) inhab-
itants according to the last preceding Fed-
eral Census, is hereby authorized and it
shall be its duty to fix the salaries of all
the following named officers, to-wit: sheriff,
assessor and collector of taxes, county judge,
county attorney, including criminal district
attorneys and county attorneys who perform
the duties of district attorneys, district
clerk, county clerk, treasurer, hide and ani-
mal inspector. Each of said officers shall
be paid in money an annual salary in twelve
(12) equal installments of not less than the
total sum earned as compensation by him in
his official capacity for the fiscal year
1935, and not more than the maximum amount al-
lowed such officer under laws existing on Aug-
ust 24, 1935. . . ."

Section 1 of said Article reads:

"No district officer shall be paid by
the State of Texas any fees or commission for
any service performed by him; nor shall the
State or any county pay to any county officer
in any county containing a population of twen-
ty thousand (20,000) inhabitants or more ac-
cording to the last preceding Federal Census
any fee or commission for any service by him
performed as such officer; provided, however,
that the assessor and collector of taxes
shall continue to collect and retain for the

benefit of the Officers' Salary Fund or
funds hereinafter provided for, all fees
and commissions which he is authorized
under law to collect; and it shall be his
duty to account for and to pay all such
monies received by him into the fund or
funds created and provided for under the
provisions of this Act; provided further,
that the provisions of this Section shall
not affect the payment of costs in civil
cases by the State, but all such costs so
paid shall be accounted for by the offi-
cers collecting the same, as they are re-
quired under the provisions of this Act
to account for fees, commissions and
costs collected from private parties."

Section 22 reads:

"The provisions of this Act shall be
cumulative of all laws not in conflict
herewith.  It is hereby declared to be the
intention of the Legislature that the com-
pensation, limitations and maximums fixed
in this Act for the named officers, their
deputies, assistants and employees control
over any other provisions contained in all
law, general and special."

In Nueces County v. Currington, 139 Tex. 297,
162 S. W. (2d) 687, the Supreme Court copied pertinent
parts of Articles 3883, 3891, 3912e and other appropri-
ate laws in Vernon's Civil Statutes, and construed same
in connection with Section 61 of Article XVI of the
State Constitution, as follows:

". . . The compensation, limitations and
maximums herein fixed shall also apply to
all fees and compensation whatsoever col-
lected by said officers in their official
capacity, whether accountable as fees of
office under the present law, (or not) and
any law, general or special, to the con-
trary is hereby expressly repealed.  The
only kind and character of compensation ex-
empt from the provisions of this Act shall
be rewards received by Sheriffs * * * Pur-
suant to the constitutional mandate

the legislature passed and approved (November 15, 1935) a comprehensive act prescribing in the manner therein stated the compensation of district, county and precinct officers.  Sec. 1, Acts 44th leg., 2nd C. S., ch. 465, p. 1762, now sec. 1, art. 3912e, Vernon's Ann. Civ. St.  The act carries by recitation (sec. 24) the legislative interpretation that the amendment made 'it mandatory that constitutional county officers in counties having a population of twenty thousand (20,000) inhabitants or more, * * * be compensated solely on a salary basis * * * (Italics ours)."  (Underscored words are in italics by the Court)

In view of the foregoing we are of the opinion that the provisions of Section 1, Article 3912e, V.C.S., prohibit the Commissioners' Court of a salary county from paying the sheriff the 15¢ per day for the safe-keep of each prisoner as provided in Article 1040, V.C.C.P.  Article 1040 was passed in 1923 when all the county officers in this State were compensated on a fee basis.  In 1935 the voters of this State adopted Article XVI, Section 61 of the Texas Constitution which made it mandatory that all the county officers in counties having a population of 20,000 or more according to the last preceding Federal Census be compensated on a salary basis beginning January 1, 1936, and subsequent to the adoption of this constitutional amendment the Legislature enacted Section 1 of Article 3912e, which superseded the provisions of Subdivision 1, Article 1040, V. C. C. P. relative to county officers compensated on a salary basis.

### SUMMARY

The provisions of Section 1, Article 3912e, V. C. S. prohibit the Commissioners' Court of a salary county from paying the sheriff 15¢ per day for the safekeep of each prisoner.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

APPROVED:

*Fagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL

WTW:wb

By *W T Williams*
W. T. Williams
Assistant