

THE ATTORNEY GENERAL

OF TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

AUSTIN 11, TEXAS

July 29, 1953

Hon. Ken Jennings
County Attorney
Mitchell County
Colorado City, Texas

Opinion No. S-76

Re: Authority of the county tax
assessor-collector to charge
and retain a fee for the pre-
paration of certificates respect-
ing the status of real property
taxes.

Dear Mr. Jennings:

You state that the Tax Assessor-Collector of Mitchell
County is compensated upon a salary basis and you request the opinion
of this office upon the following question:

"Where the Tax Assessor and Collector of
a county charges a fee for preparing certificates
to be used in abstracts of land titles, said certifi-
cates stating whether or not there are any State
and County taxes due on said property, is this fee
to be retained by the Tax Assessor and Collector
or turned over to the Officers' Salary Fund?"

We think this question has been answered by the Supreme
Court of this State in the case of Nueces County v. Currington, 139 Tex.
297, 162 S.W.2d 687 (1942). In this case the Court said:

"The amounts of the fees collected and retained
by defendant and not paid into the county fund in accord-
ance with the requirements applicable during the time
covered . . . aggregate the sum of $4,662, the amount
sued for by the county.

"The entire amount thus retained by defendant was
admittedly received by her as compensation for the issu-
ance of tax certificates. Defendant's position (and she is
sustained in it by the Court of Civil Appeals) is that the
charges collected therefor were not received by her in
her official capacity. She concedes she was not entitled
to charge for the tax statements issued by her certifying
that taxes were delinquent, or past due and unpaid on the
lands or lots described therein, since she was required
by the provisions of article 7324, R.C.S. 1925, Vernon's
Ann. Civ. St. Art. 7324 to issue and furnish to those desig-
nated therein tax statements so certifying. She contends,

however, that neither article 7324 nor any other article of the statute required her to furnish to any one tax statements certifying that all taxes had been paid on a particular lot or tract of land. She contends, briefly, that inasmuch as there was no statutory duty on her part to issue to applicants a tax certificate showing a tax status other than that of delinquency the service rendered by her in furnishing certificates showing a different tax status was a personal service; and that being a personal service, she was at liberty to make a personal charge therefor and thus supplement her official compensation to the extent of the amount so charged. Her contention was sustained by the courts below. For reasons presently to be stated the holdings upon which the contention was sustained are erroneous.

"It is our conclusion that the fees collected, whether rightfully or wrongfully, were for services rendered by defendant officially. It is apparent on the face of the certificates themselves that they were issued officially. Each certificate carried the designation, 'Tax Certificate, State of Texas, County of Nueces,' over defendant's name signed thereto, as 'Tax Collector, Nueces County, Corpus Christi, Texas'; and upon each was impressed her seal of office as the collector of taxes of that county."

This case further holds that it is the duty of the tax assessor-collector to issue a statement or certificate showing the status of the taxes due upon any tract of land or the absence of delinquent taxes upon said land, regardless of the purpose for which the certificate may be requested. In brief, fees collected by the tax assessor-collector for issuing statements in compliance with Article 7324, V.C.S., (or under Articles 3939 and 7258a, V.C.S.) are fees of office and must be accounted for by the tax assessor-collector as such; and if the assessor-collector is compensated on a salary basis the fees must be turned in to the Officers' Salary Fund.

## SUMMARY

Fees collected by the tax assessor-collector for the issuance of tax certificates showing the status

of delinquent taxes upon any particular tract of land should be turned in to the Officers' Salary Fund of the county where the tax assessor-collector is compensated upon a salary basis.

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

By L. P. Lollar
Assistant

APPROVED:

W. V. Geppert
Taxation Division

Willis E. Gresham
Reviewer

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General