

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

June 15, 1960

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. WW-855

Re: Interpretation and
administration of Art.
19.01(7), Title 122A,
R.C.S., imposing an occupa-
tion tax and other duties
upon dealers in pistols.

Dear Mr. Calvert:

Your recent request for an opinion of this Office contains
several questions relating to Article 19.01(7), Title 122A,
R.C.S., which we here set out in part:

> "(7) Tax on Dealers in Pistols. There
> shall be collected from every person,
> firm or corporation engaging in the
> business of bartering, leasing, selling,
> exchanging, or otherwise dealing in
> pistols for profit, whether by wholesale
> or retail, an annual occupation tax of
> Ten Dollars ($10) to be paid on or before
> January 1st of each year, and to be paid
> before continuing said business. Before
> engaging in said business, each such
> dealer shall obtain a license therefor,
> to be issued by the County Tax Collector
> of each county in which the applicant has
> a place of business, and for each separate
> place of business. The Comptroller of
> Public Accounts shall furnish said forms
> to the Tax Collectors."

The three questions under paragraph 1 of your letter are
interrelated, and we will therefore discuss them together.
We set them out as follows:

> "(a) Do you interpret this article as
> requiring a dealer in pistols to first pay
> to the Comptroller of Public Accounts an
> annual occupation tax of Ten Dollars?

> "(b) Before engaging in said business,
> must a dealer in pistols obtain a license
> from the County Tax Collector to engage in
> that business?

> "(c)  If the answer to (a) and (b) above
> is in the affirmative, what fee, if any, is
> due the County Tax Collector for issuing
> such license?"

It is our opinion that a dealer must (a) pay the $10.00 occupation tax and (b) obtain a license from the County Tax Collector before engaging in this business.  It is our further opinion that (c) no fee is due the County Tax Collector for issuing such license.

Some of the wording of this subdivision of Art. 19.01 is rather obscure, probably due in part to its having been taken, with minor change, from the previously existing Art. 7047d, V.C.S., which assessed the same tax and imposed the same duties upon dealers in pistols.  The phrase ". . . and to be paid before continuing said business, . . . ." was doubtlessly inserted in the original act (coupled with the phrase ". . . within thirty (30) days from the effective date hereof") to insure its application to those dealers who were engaged in the business at the time of its passage, and hence would appear to be mere surplusage in the present Art. 19.01(7).

The first paragraph of the subdivision does two things: (1)  it levies an occupation tax payable to the State for revenue purposes, and (2) it imposes a licensing requirement, presumably to assist regulation and supervision of a potentially dangerous enterprise.  See 27 Tex.Jur., Licenses, Secs. 45, 48. The occupation tax is levied by the first sentence of the subdivision.  The second sentence imposes the license requirement as a prerequisite to engaging in the business.  However, Art. 19.04 of the same chapter specifies that

> "No individual, company, corporation
> or association, failing to pay all taxes
> imposed by this Chapter, shall receive
> a permit, when such is required, to do
> business in this State, or continue to do
> business in the State, until the tax hereby
> imposed is paid.  The receipt of the State
> Treasurer shall be evidence of the payment
> of such tax, and such receipt shall be
> construed as a permit to do business when
> a separate permit is not otherwise required
> by law."

We believe that the "license" required by Art. 19.01(7) is a "permit to do business" within the meaning of Art. 19.04. See 27 Tex.Jur., Licenses, secs. 1, 10, 48.  Since issuance of the license is specifically made a condition precedent to

engaging in the business of dealing in pistols, and since, under 19.04, no license can issue until the occupation tax is paid, it necessarily follows that the tax must be paid before pursuing the occupation.

No fee may be collected by the Tax Collector for issuing the prescribed license, since none is provided by the Article. McCalla v. City of Rockdale, 112 Tex. 209, 246 S.W. 654 (1922); Nueces County v. Currington, 139 Tex. 299, 162 S.W.2d 687 (Tex. Comm.App. 1942; Op. Adopted).

Part 2 of your request reads as follows:

"The question also has arisen as to the definition of a (pistol). Will you please give us a definition that we may use in administering this tax. Specifically, we would like to know if the following are classed as pistols under this law:

"When it is an instrument that is intended or designed to be aimed or fired from one hand from which a missile, dart, pellet or shot is expelled or discharged from;

"(a)  By power exerted by a rubber band.

"(b)  By power exerted by a spring.

"(c)  By power exerted by air pressure where one stroke of pump creates the maximum pressure.

"(d)  By power exerted by air pressure where it is compressed by repeated strokes of the pump.

"(e)  By power exerted by a cartridge of air or gas, commonly referred to as a $CO_2$ gun."

It is our opinion that none of these items are "pistols" within the meaning of the Article.

We refer you to the definition of a pistol provided by Art. 19.01(7)(c), as follows:

"(c)  Pistol defined. 'Pistol' as used herein, shall include every kind of

pistol, revolver, automatic, semiautomatic,
magazine pistol, and every other short
firearm intended or designed to be aimed
or fired from one hand."

Note that following the enumeration of specific types
of pistols there is the phrase ". . . and every other short
firearm." The word "firearm" necessarily modifies the term
"pistol". A firearm is ordinarily defined as any weapon
which discharges a shot by force of gunpowder. Harris v.
Cameron, 81 Wis. 239; 51 N.W. 437; Atwood v. State, 53 Ala.
508. This would limit the scope of Art. 19.01(7) to include
only "pistols" which are "firearms," as defined above, thereby
excluding all the items which you listed in your request
from the operation of the Article.

## S U M M A R Y

Art. 19.01(7), Title 122A, requires
a dealer in pistols to pay the occupation
tax levied and procure the license required
before engaging in business. The County
Tax Collector may not charge a fee for
issuing the license. The term "pistol"
used in the Article refers only to "firearms"
and items other than firearms are not included
therein.

Yours very truly,

WILL WILSON
Attorney General of Texas

By: James R. Irion
James R. Irion
Assistant Attorney General

JRI:cm

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Wallace Finfrock
J. Arthur Sandlin
Fred B. Werkenthin
Marietta McGregor Payne

REVIEWED FOR THE ATTORNEY GENERAL
By: Leonard Passmore