

# THE ATTORNEY GENERAL

## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

June 29, 1964

Hon. Tom Blackwell
District Attorney
Travis County
Austin, Texas

Dear Mr. Blackwell:

Opinion No. C-277

Re:    Whether a County Auditor in a
county having a population of
190,000 or more is authorized
and required to audit funds col-
lected by a county official,
not for the county, but held as
an agent or trustee for private
individuals.

Your letter of May 29, 1964, reads in part as follows:

"QUESTION:   Is the County Auditor authorized
and required to audit funds collected by a county
official not for the county but held as an agent
or trustee for private individuals.

"FACTS:   It has been the custom for many
years in the county for Justices of the Peace,
County Attorneys and District Attorneys to accept
reimbursement on 'hot checks' and to pay it di-
rectly to the merchants involved without having
this fund go through any official county channels
and without being audited by the County Auditor."

You further ask for an interpretation of Article 1656a,
Vernon's Civil Statutes, which reads in part as follows:

"The County Auditor in counties having a popu-
lation of one hundred ninety thousand (190,000) or
more according to the last preceding or any future
Federal Census shall prescribe the system of ac-
counting for the county and the forms to be used by
the District Clerk, the District Attorney and all
county and precinct officers and by all persons in
the collection and disbursement of county revenues,
funds, fees, and all other moneys collected in an
official capacity whether belonging to the county,
its subdivisions or precincts, or to, or for the use
or benefit of, any person, firm, or corporation;  he
shall prescribe the mode and manner in which the
District Clerk, the District Attorney and all county

-1331-

and precinct officers shall keep their accounts,
and he shall have the power to require all offi-
cers to furnish monthly, annual, or other reports
under oath of all moneys, taxes, or fees of every
nature received, disbursed, or remaining on hand;
and in connection with such reports he shall have
the right to count the cash on hand with such
officer, or to verify the amount on deposit in the
bank in which such officer may have placed the
same for safekeeping. He shall have the power to
adopt and enforce such regulations not inconsist-
tne with the Constitution and laws as he may deem
essential to the speedy and proper collection and
checking of, and accounting for, the revenues and
other funds and fees belonging to the county or to
any person, firm, or corporation for whom any of
said officers may have made collections, or for
whose use or benefit they may have received or may
hold such funds. . . ."  (Emphasis added).

The first sentence of the above quoted statute refers
to county funds and to "all other moneys collected in an official
capacity. . ."  The case of Nueces County v. Currington, 139 Tex.
297, 162 S.W.2d 687 (1942), to which we may refer for help in de-
fining "official capacity," held that "a fee paid a public officer
for the performance of a duty enjoined by statute is a fee col-
lected in an official capacity."  There is no statutory requirement
or authority in Texas for the collection by a county official of
money to cover "hot checks," with subsequent payment directly to
the payee of the check.  Such a collection, therefore, would not be
done in an "official capacity," the words "official capacity" re-
ferring to the status of an official when performing an act under
statutory duty, but such collection would be received under color
of authority by virtue of his office.

In light of the foregoing, it is the opinion of this of-
fice that the mandatory provisions contained in the first sentence
of the above Article 1656a do not apply to funds collected by a
county official as an agent or trustee for private individuals, and
that the County Auditor is not required to audit such funds.

The last sentence of that part of Article 1656a above
quoted specifically covers revenues and other funds and fees be-
longing to "any person, firm, or corporation for whom any of said
officers may have made collections, or for whose use or benefit
they may have received or may hold such funds."  The act states that
the County Auditor shall have the "power" to adopt and enforce regu-
lations pertinent to the collection and checking of and accounting

for, such funds.   Should a county official, in an official capacity with statutory authority or under color of authority by virtue of his office, receive or collect funds not belonging to the county, the county auditor by virtue of such power given to that office in the provision stated, does have the authority to audit funds so collected, not for the county, but held by the official as an agent or trustee for private individuals, firms or corporations.

The provision in Article 1656a concerning the deposit and custody of such funds is covered by a previous opinion of this department, No. WW-86 (1957).

## SUMMARY

A County Auditor, in a county having a population of 190,000 or more, is authorized, but not required, to audit funds collected by a county official, not for the county, but collected or received under color of authority by virtue of his office, and held as an agent or trustee for private individuals, firms or corporations.

Yours very truly,

WAGGONER CARR
Attorney General

By  Edward P. Bolding
Edward P. Bolding
Assistant

EPB:wb

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Hawthorne Phillips
Pat Bailey
Paul Phy
W. O. Shultz

APPROVED FOR THE ATTORNEY GENERAL

BY:  Stanton Stone