

# The Attorney General

## of Texas

CRAWFORD C. MARTIN
ATTORNEY GENERAL

Austin, Texas 78711

April 24, 1968

Hon. Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas 77002

Opinion No. M- 223

Re: Authority of the Harris
County Hospital District
to spend public funds to
pay transportation and
other costs for recruit-
ing and interviewing
prospective employees
and related question.

Dear Mr. Resweber:

You have requested this office to issue a legal opinion on the following two questions:

"'1. Can the Harris Hospital District spend public funds to pay transportation and other costs for the purpose of recruiting and interviewing prospective employees?

"'2. Does the Hospital District have the authority to spend public funds to pay moving and other costs for moving employees hired by the Administrator?'"

Your question No. 1.

The Harris County Hospital District was created under the provisions of Article 4494n, Vernon's Civil Statutes. Section 5 of said Article provides for a Board of Hospital Managers who "shall appdint a general manager (administrator) who 'shall supervise all of the work and activities of the District, and have general direction of the affairs of the District. . . .'" It further provides that the Board of Managers shall have the authority to employ such doctors, nurses, technicians and other employees of every kind and character as may be advisable for

- 1068 -

the efficient operation of the hospital system." By virtue of the express power of the Board of Hospital Managers to hire necessary personnel, it has the implied power to do what is reasonable and necessary to perform such duty. This office has uniformly stated that the determination of what constitutes reasonable and necessary expenses is a question of fact and is to be determined, in the first instance, by the state agency involved. Attorney General's Opinions Nos. O-995 (1939), O-3670 (1941) and V-607 (1948).

This office in Attorney General's Opinion O-6766 (1945) stated that a member of the Board of the Texas State Library and Historical Commission, when authorized by the Board to interview applicants for the position of State Librarian, would be engaged in "State business" when traveling for that purpose.

It is therefore our opinion that the Harris County Hospital District, if it finds that it is reasonable and necessary in order to secure its required staff, may pay transportation and other traveling expenses of its personnel when traveling for the purpose of recruiting and interviewing prospective employees.

We point out, however, that the Hospital District is not authorized to pay the traveling expenses of applicants for positions in the hospital. The trips to Houston by prospective employees for the purpose of being interviewed would not constitute "State business" as they are neither agents or employees of the Hospital District. The payment of such traveling expense would constitute the granting of public money or thing of value to an individual, which is expressly prohibited by Section 52 of Article III of the Texas Constitution. Accord, Attorney General's Opinion O-6766 (1945).

Your question No. 2.

We can find no provision in Article 4494n, Vernon's Civil Statutes, authorizing the Hospital District to spend public funds to pay moving and other costs for moving employees hired by the District. In Attorney General's Opinion O-4537 (1942) it was held that the Texas National Guard Armory Board

was not authorized to pay the expenses of its Secretary in moving personal household effects from one city to another.

The Constitution of Texas expressly prohibits any political subdivision of the State to lend its credit or grant public money or thing of value in aid of any individual. Tex. Const. Art. III, Sec. 52. Unless compensation is provided by law for an official service required to be performed, and the amount fixed by law, none can lawfully be charged therefor. Nueces County v. Currington, 139 Tex. 297, 162 S.W.2d 687 (1942).

By virtue of the above authorities we answer your second question in the negative.

## S U M M A R Y

The Harris County Hospital District may spend public money to pay the reasonable and necessary travel expenses of its personnel in recruiting and interviewing prospective employees.

The Hospital District is not authorized to pay the traveling expenses, to Houston or elsewhere, of applicants for positions in the hospital.

The Hospital District is not authorized to spend public money to pay moving and other costs for moving employees hired by the District. Section 52 of Article III, Texas Constitution. Attorney General's Opinion O-4537 (1942).

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Jack Sparks
Assistant Attorney General

Hon. Joe Resweber, page 4 (M-223)


APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
W. V. Geppert
W. O. Shultz
Ralph Rash
John Grace

A. J. CARUBBI, JR.
Executive Assistant