

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

May 21, 1971

Hon. James P. Baker, Chairman
Texas Board of Licensure for
  Nursing Home Administrators
6225 U.S. Highway 290 East
P. O. Box 4246
Austin, Texas   78751

Opinion No. M-868

Re: Authority of Texas Board
    of Licensure for Nursing
    Home Administrators, pur-
    suant to Article 4442d,
    Vernon's Civil Statutes,
    to fix a licensing fee
    of $50 per annum for
    "administrators-in-
    training."

Dear Mr. Baker:

        Your recent letter requesting the opinion of this office
concerning the referenced matter states, in part, as follows:

    "The Texas Board of Licensure for Nursing
    Home Administrators was created by the 61st Leg-
    islature to comply with section 1908 of the Social
    Security Act. . . which required, as a condition
    to receiving federal funds, that nursing homes be
    staffed with an administrator licensed by the ap-
    propriate state agency or board of the state in
    which the home was located. Because section 7 of
    the Texas act, Tex. Rev. Civ. Stat. Ann. art. 4442d
    (1969), prohibited the operation of a nursing home
    after July 1, 1970, unless such home was under the
    supervision of an administrator duly licensed by
    the Board, many of the homes in Texas were faced
    with the possibility of closing, as it was im-
    possible for many nursing home managers to meet
    the strict licensing requirements by the deadline.

    "To avoid the closing of many nursing homes
    throughout the state, the Board devised a licensing
    program whereby those nursing home managers who could
    not obtain licenses by July 1, 1970, could receive
    on-the-job training in their nursing homes by ex-
    perienced, licensed administrators who are designated
    'preceptors' by the Board. Although valuable train-
    ing and experience is received through preceptors, it
    is the administrator-in-training who actually runs
    the nursing home on a daily basis.

-4217-

"Pursuant to section 10(3) of the Texas act, the Board has fixed a license fee of $100 for administrators. Since the license is valid for two years, the annual cost to an administrator is $50. The Board also has issued administrator-in-training certificates to those persons who are undergoing training through preceptors in order to obtain licenses, and a fee of $50 per year is being assessed the administrators-in-training by the Board.

"The Board respectfully requests the opinion of the Attorney General on the question of whether it has the authority to fix a certifying or licensing fee of $50 per year for administrators-in-training."

The following portions of Article 4442d, Vernon's Civil Statutes ("the Article"), which is the Texas Nursing Home Administrators Licensure Act, are relevant to the issue posed by your request:

"Sec. 8. The Board shall have authority to make rules and regulations not inconsistent with law as may be necessary or proper for the performance of its duties . . .

"Sec. 9. The Board shall have authority to issue licenses to qualified persons as nursing home administrators, and shall establish qualification criteria for such nursing home administrators. No license shall be issued to a person as a nursing home administrator unless:

"(2) he has satisfactorily completed a course of instruction and training prescribed by the board . . .

"(3) he has passed an examination administered by the board. . .

"Sec. 10. (1) The Board shall license nursing home administrators in accordance with rules and regulations issued, and from time to time revised by it . . .

" . . .

"(3)  <u>Each person licensed as a nursing home administrator shall pay a license fee to be fixed by the board which shall not exceed $100.00</u> (for a two-year period).  (Emphasis added.)

Section 8 of the Article does authorize your Board to adopt "rules and regulations not inconsistent with law as may be necessary or proper for the performance of its duties. . ."  If such rules and regulations are consistent with, related to, and in implementation of any of the provisions of the Article, such rules and regulations are valid.  <u>Kee v. Baber</u>, 157 Tex. 387, 303 S.W.2d 376 (1957); <u>Texas State Board of Examiners in Optometry v. Carp</u>, 412 S.W.2d 307 (Tex.Sup. 1967).

However, the Article does not authorize the issuance of rules and regulations which are in excess of, or inconsistent with, the statutory provisions; nor may your Board impose any additional burdens, conditions, or restrictions in that regard which would result in giving them a higher or lower mandate than that of the statute.  <u>Kelly v. Industrial Accident Board</u>, 358 S.W.2d 874 (Tex. Civ.App. 1962, error ref.); <u>Bailey v. Texas Indemnity Insurance Co.</u>, 14 S.W.2d 798 (Tex.Comm.App. 1929); Attorney General's Opinion No. M-609-A (1970); 2 Am.Jur.2d 126, Administrative Law, Sec. 300, and also, Id. at pp. 129-30, Sec. 301, wherein it is stated that an administrative agency cannot create a new license requirement or compel that to be done which lies without the scope of the statute.

It is a well-established rule of law that fee statutes are to be strictly construed, and that where a statute contains no authorization for the imposition of a fee, none may be collected. <u>Nueces County v. Carrington</u>, 139 Tex. 297, 162 S.W.2d 687 (1942); Attorney General's Opinion No. V-1236 (1951).  Cf. <u>McCalla v. City of Rockdale</u>, 112 Tex. 209, 246 S.W. 654 (1922).

In Section 10(3) of Article 4442d, the Legislature has given your Board the power to fix a fee, not to exceed $50 per annum, which shall be paid by nursing home administrators.  No mention is made in such Section of fees to be paid by nursing home "administrators-in-training", nor is the Board therein given any authority to fix fees to be paid by such persons.

Accordingly, in consonance with the foregoing authorities, this office is of the opinion that your Board has no authority to fix a licensing fee of $50 per annum to be paid by nursing home "administrators-in-training."

## S U M M A R Y

The Texas Board of Licensure for Nursing Home Administrators pursuant to Article 4442d(10), Vernon's Civil Statutes, has no authority to fix a licensing fee of $50 per annum to be paid by nursing home "administrators-in-training."

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Austin C. Bray, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
William J. Craig
Sally Phillips
Linward Shivers
Harriet Burke

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant