

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

November 6, 1974

The Honorable Charlie Chapman
Executive Director
Structural Pest Control Board
313 East Anderson Lane
Austin, Texas 78752

Opinion No. H- (H-443)

Re:  Authority to charge
examining fee in
addition to license
fee.

Dear Mr. Chapman:

You have asked whether the Structural Pest Control Board of Texas (the Board) may charge an applicant for a license a fee to cover the Board's expense in administering a written examination for the applicant?

The Board was created in 1971 by enactment of the Texas Structural Pest Control Act, Article 135b-6, Vernon's Texas Civil Statutes. The Board is required to develop criteria for licensing persons engaged in structural pest control and may require applicants for licenses to pass an examination (Section 4). The types of license and their terms are set out in Sections 5, 6 and 6A. Sections 7 and 8 are as follows:

> Sec. 7 (a)  An applicant for an initial or renewal license shall accompany his application with a fee of $50 for each place of business located in the State and a fee of between $5 and $15, as determined by the board, for each employee of the applicant who is engaged in structural pest control services. This is not to apply to those locations serving only as answering services for a licensed business.
>
> (b)  A licensee whose license has been lost or destroyed shall be issued a duplicate license after application therefor and the payment of a fee of $10.
>
> Sec. 8.  The proceeds from the collection of the fees provided in this Act shall be deposited in a special fund in the State Treasury to be known as the Structural Pest Control Fund, and shall be

used for the administration and enforcement of the provisions of this Act. No expense incurred in implementing the provisions of this Act shall ever be a charge against the general revenue funds of the State of Texas. Any balance in the special fund at the end of each State fiscal biennium in excess of appropriations out of that fund for the succeeding biennium shall be transferred to the general revenue fund. All money deposited in the Structural Pest Control Fund is hereby appropriated to the board for the purpose of carrying out the provisions of this Act for the fiscal biennium ending August 31, 1973.

We do not interpret either of these as expressly authorizing the collection of an examination fee separate and apart from the license fee.

It is well established in our law that, unless a fee is provided by law for an official service required to be performed and the amount fixed by law, none can lawfully be charged. McCalla v. City of Rockdale, 246 S. W. 654 (Tex. 1922); Nueces County v. Currington, 162 S. W. 2d 687 (Tex. 1942); Attorney General Opinion V-1426 (1952).

Accordingly we answer your question in the negative. The only fees the Board may collect at this time are those expressly authorized in Section 7 of Art. 136b-6, V. T. C. S.

### SUMMARY

In the absence of an express statutory authorization; the Structural Pest Control Board of Texas may not charge a separate fee for administering license examinations.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee