

# The Attorney General of Texas

December 31, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. John W. Millican
Acting Executive Director
Texas State Soil and Water
   Conservation Board
P. O. Box 658
Temple, Texas   76503

Opinion No.  MW-593

Re:  Whether a soil and water conservation district has authority under chapter 201 of the Agriculture Code to serve as a central distribution point for landowners to purchase fish to stock fish ponds

Dear Mr. Millican:

You have requested our opinion as to whether a soil and water conservation district is authorized to serve as a central distribution point for landowners to purchase fish and, in addition, whether a district may charge a fee therefor.

Soil and water conservation districts are created by chapter 201 of the Texas Agriculture Code. With regard to such districts, the legislature has said, in section 201.001:

> (c) In order to conserve soil resources and control and prevent soil erosion, it is necessary that land-use practices contributing to soil waste and soil erosion may be discouraged and discontinued, and appropriate soil-conserving land-use practices be adopted and carried out. Among the procedures necessary for widespread adoption are engineering operations such as the construction of terraces, terrace outlets, check dams, dikes, ponds, ditches, and the like; the utilization of strip-cropping, lister furrowing, contour cultivating, and contour furrowing; land irrigation; seeding and planting of waste, sloping, abandoned, or eroded lands to water-conserving and erosion-preventing plants, trees, and grasses; forestation and reforestation; rotation of crops, soil stablization with trees, grasses, legumes, and other thick-growing, soil-holding crops, retardation of runoff by increasing absorption of rainfall; and retirement from cultivation of steep, highly erosive areas and areas now badly gullied or otherwise eroded.

> (d) It is the policy of the legislature to provide for the conservation of soil and soil resources of this state and for the control and prevention of soil erosion, and thereby to preserve natural resources, control floods, prevent impairment of dams and reservoirs, assist in maintaining the navigability of rivers and harbors, preserve wildlife, protect the tax base, protect public lands, and protect and promote the health, safety, and general welfare of the people of this state, and thus to carry out the mandate expressed in Article XVI, section 59a, of the Texas Constitution. It is further declared as a matter of legislative intent and determination of policy that the agencies created, powers conferred, and activities contemplated in this chapter for the conservation of soil and water resources and for the reduction of public damage resulting from failure to conserve those natural resources are supplementary and complementary to the work of various river and other authorities in this state and to other state officers, agencies, and districts engaged in closely related projects, and shall not duplicate or conflict with that work.

You indicate that a number of districts have recently begun programs to encourage landowners to properly manage and stock farm ponds. You state:

> The basic approach is for soil and water conservation districts to consolidate pondowners' requests for fish and arrange for a licensed fish producer to deliver needed fish to the pondowners at a central location. In no case are the fish produced or held by the districts. In some cases the soil and water conservation districts may add a handling fee to cover their expenses associated with the program.

Basically, the district acts to "collect orders and serve as a central distribution point for landowners to purchase fish from fish producers licensed by the State of Texas for stocking their individual farm ponds."

Section 201.102 of the Agriculture Code provides:

> A conservation district may carry out preventive and control measures within its boundaries, including engineering operations, methods of cultivation, growing of vegetation,

changes in the use of land, and measures listed in Section 201.001(c) of this code. The conservation district may carry out the measures on any land that is owned by the state or a state agency with the cooperation of the agency administering and having jurisdiction of the land. If the land is owned by another person, the conservation district may carry out the measures on obtaining the consent of the owner or occupier or the necessary rights or interests in the land.

An administrative or political subdivision of course has only those powers expressly granted to it by statute or necessarily implied therefrom. Stauffer v. City of San Antonio, 344 S.W.2d 158 (Tex. 1961); Attorney General Opinions H-897 (1976); M-1131 (1972). Nevertheless, we believe that, if a district's board of directors determines that the fish stocking program is a necessary "preventive and control measure" under section 201.102, it is authorized to implement the program as you have described it. Constructing a farm pond and stocking it with fish certainly constitutes a "change in the use of land" authorized by that provision.

As to the imposition of a handling fee by a district, it is well established that, unless a fee is provided by law, none may lawfully be charged. Attorney General Opinions H-796 (1976); H-669 (1975); H-443 (1974); V-1426 (1952). See Nueces County v. Currington, 162 S.W.2d 687 (Tex. 1942); McCalla v. City of Rockdale, 246 S.W. 654, 655 (Tex. 1922). We conclude that under the facts presented a soil and water conservation district may not impose a handling fee for serving as a central distribution point for the purchase of fish to stock farm ponds. Cf. Agric. Code §201.105.

## S U M M A R Y

If the board of directors of a soil and water conservation district determines that a fish stocking program is a necessary "preventive and control measure" under section 201.102 of the Agriculture Code, it may implement such a program as described. A district is not authorized to impose a handling fee therefor.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Steve Martin
Jim Moellinger
Bruce Youngblood