

# The Attorney General of Texas

July 5, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Maurice S. Pipkin
Executive Director
State Commission on Judicial Conduct
P. O. Box 12265, Capitol Station
Austin, Texas    78711

Opinion No.   MW-483

Re:  Authority of county judge
to receive fees for temporary
commitment hearings

Dear Mr. Pipkin:

You ask whether:

> a county judge of one county may enter into a
> contract with another county to be compensated
> personally from public funds for holding hearings
> on temporary commitments to an institution of the
> Texas Department of Mental Health and Mental
> Retardation.

Article 5547-31, V.T.C.S., provides in part as follows:

> A sworn Application for Temporary
> Hospitalization of a proposed patient may be filed
> with the county court of the county in which the
> proposed patient resides or in which the patient
> is found or in which the proposed patient is
> hospitalized by court order.  (Emphasis added).

Article 5547-33, V.T.C.S., provides in part that:

> When an Application for Temporary
> Hospitalization is filed, the county judge shall
> set a date for a hearing to be held within
> fourteen (14) days of the filing of the
> Application.

Article 5547-41, V.T.C.S., provides in part that:

> A sworn Petition for the indefinite commitment
> of a person to a mental hospital may be filed with
> the county court of the county in which the
> proposed patient is hospitalized, the county from
> which he is temporarily committed, or the county
> in which he resides or is found.  (Emphasis
> added).

Article 5547-43, V.T.C.S., reads as follows:

> When a Petition and the required Certificate of Medical Examination for Mental Illness [see V.T.C.S. art. 5547-42] are filed, the county judge shall set a date for a hearing to be held within thirty (30) days of the filing of the Petition....

The briefs and correspondence submitted to this office indicate that the relevant facts are as follows. The judge in question is the constitutional county judge of a county within which a Texas Department of Mental Health and Mental Retardation [hereinafter MHMR] facility is located. This facility serves several neighboring counties. In 1979, this county judge informed these counties that his workload was such that he could "no longer hold temporary commitment hearings for [counties other than his own]." By this, he apparently meant that he would no longer conduct subsequent commitment proceedings involving patients who are originally committed to the MHMR facility from other counties. Shortly thereafter, however, he agreed with other counties to hold commitment hearings involving such patients where the committing county agreed to pay him a prescribed fee for holding them. The agreement attempted to designate him "special judge."

We are informed that the applications which triggered the commitment hearings in question were filed in the county in which the judge regularly serves, i.e., the county in which the MHMR facility is located, not in the counties from which the patients were committed. Thus, the fee agreements were obviously predicated upon the judge's conclusion that he is under no legal obligation to conduct commitment proceedings involving patients committed from other counties, even when an application is filed in his county, but that he may voluntarily agree to do so for a fee. As we shall explain, this conclusion was erroneous.

Under articles 5547-31 and 5547-41, a commitment application may be filed in the county in which the proposed patient is hospitalized. When such application is filed, the county judge is required to schedule a hearing. V.T.C.S. arts. 5547-33, 5547-43. Thus, when the applications for the continued commitment of patients who were hospitalized in the MHMR facility located in the judge's county were filed in that county, the judge assumed a duty to hold a commitment hearing, as his county was the one "in which the proposed patient [was] hospitalized." V.T.C.S. arts. 5547-31, 5547-41. He could not refuse to perform this duty as county judge and insist that he be compensated therefor as "special judge." See Nueces County v. Currington, 162 S.W.2d 687 (Tex. 1942).

We are aware of no constitutional or statutory provision which would authorize this county judge, acting as county judge or "special judge," to receive compensation for conducting these commitment

hearings. As noted, the duty to conduct these hearings was imposed upon the judge by the foregoing statutes. Consequently, we conclude that he is not legally authorized to charge these fees. See Nueces County v. Currington, supra (unless a fee is provided by law for an official service required to be performed and the amount thereof fixed by law, none can lawfully be charged therefor); McCalla v. City of Rockdale, 246 S.W. 654 (Tex. 1922). Even if he could lawfully charge such a fee, moreover, he would be obliged, under article XVI, section 61 of the Texas Constitution and article 3912k, V.T.C.S., to turn the fee over to the county treasury. Wichita County v. Robinson, 276 S.W.2d 509 (Tex. 1954); Binford v. Robinson, 244 S.W. 807 (Tex. 1922); McLennan County v. Boggess, 137 S.W. 346 (Tex. 1911).

Under the facts before us, therefore, we answer your question in the negative.

## S U M M A R Y

Under the facts before us, a county judge of one county could not enter into a contract with another county to be compensated personally for holding a hearing which he is statutorily required to hold in his capacity as county judge.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Walter Davis
Rick Gilpin
Patricia Hinojosa
Jim Moellinger
Bruce Youngblood