Honorable T.R. Bandy, Jr. Nueces County Attorney Courthouse, Room 206 Corpus Christi, Texas 78401
Re: Whether a county may impose an annual fee for parking of motor vehicles on Gulf Coast beaches
Dear Mr. Bandy:
You have provided us with the following information:
The Nueces County commissioners court is considering adopting a motor vehicle traffic regulation to be effective upon gulf coast beaches located outside of corporate city limits. Such order would be adopted in the manner prescribed and pursuant to this county's authority to do so under the Natural Resources Code, section 61.122(a), V.T.C.S. See Attorney General Opinion H-1310
(1978).
The proposed regulation would require any motor vehicle parked on the beaches of Mustang and Padre Islands outside of corporate city limits, but within the boundaries of Nueces County, to display a validly issued county parking permit. Permits would be readily available for a $5.00 annual fee. Funds derived by the county from the fees collected would be utilized for beach cleaning, public restrooms and law enforcement purposes on the beaches.
You ask whether "a commissioners court has the power either directly or by implication to impose an annual parking fee for the parking of motor vehicles on gulf coast beaches pursuant to its authority to regulate traffic on these beaches." We answer your question in the negative.
The threshold question is whether a county is authorized to restrict and regulate parking on such beaches. If we answer this question in the affirmative, we must then determine whether a county may then impose an annual parking fee such as the one which you propose. Article IX, section 1-A of the Texas Constitution provides the following in pertinent part:
 The Legislature may authorize the governing body of any county bordering on the Gulf of Mexico or the tidewater limits thereof to regulate and restrict the speed, parking and travel of motor vehicles on beaches available to the public by virtue of public right and the littering of such beaches.
Nothing in this amendment shall increase the rights of any riparian or littoral landowner with regard to beaches available to the public by virtue of public right or submerged lands.
The Legislature may enact any laws not inconsistent with this [s]ection which it may deem necessary to permit said counties to implement, enforce and administer the provisions contained herein. (Emphasis added).
Section 61.122(a) of the Natural Resources Code provides the following:
 The commissioners court of a county bordering on the Gulf of Mexico or its tidewater limits, by order, may regulate motor vehicle traffic on any beach within the boundaries of the county and may prohibit the littering of the beach and may define the term `littering.' (Emphasis added).
The constitutional provision pursuant to which section 61.122(a) was adopted permits the legislature to authorize the governing body of any county "to regulate and restrict the speed, parking and travel of motor vehicles on beaches available to the public." The statute authorizes the commissioners court to "regulate motor vehicle traffic. . . ." That the commissioners court has authority to regulate parking on beaches is shown by section 61.126 of the code, which provides as follows:
§ 61.126. Traffic Regulations
 If the order includes a traffic regulation, the order shall provide for signs that are designed and posted in compliance with the current provisions of the Texas Manual on Traffic Control Devices for Streets and Highways, stating the applicable speed limit, parking requirement, or that vehicles are prohibited. (Emphasis added).
 However, the prohibition against motor vehicles on public beaches may not have the effect of precluding all public access to public beaches. We next turn to whether section 61.122(a) of the Natural Resources Code authorizes a county to impose an annual parking fee. For two reasons, we conclude that it does not. See § 61.011.
Commissioners courts may exercise only those powers conferred by the constitution and statutes. Canales v. Laughlin,214 S.W.2d 451 (Tex. 1948). We have found no statute which purports to authorize counties to impose such a fee. Section 61.070 provides that
 [s]ubsection (4), [s]ection 61.069 of this code shall not be construed to prohibit the assessment of a reasonable fee for off-beach parking or for the use of facilities provided for the use and convenience of the public. (Emphasis added).
In the event that a city or county seeks state funds to clean public beaches, subsection (4) of section 61.069 provides that such application must provide "that entrance to all public beaches under the jurisdiction of the governing body of the city or county is free of charge. . . ." Section 61.069 clearly contemplates that, in this instance, certain specified counties may impose a reasonable parking fee for off-beach parking; no such authority is conferred with respect to on-beach parking. Section 61.069 is not express authority to charge a fee; it is simply a statement that if a governmental body has authority to charge a fee it is not taken away by this section. We conclude that the legislature's express inclusion of authority to impose a reasonable fee for off-beach parking is tantamount to an express exclusion of such authority with respect to on-beach parking.
Moreover, unless the imposition of a fee is specifically provided by law, none may lawfully be charged. Nueces County v. Currington, 162 S.W.2d 687 (Tex. 1942). See also McCalla v. Rockdale, 246 S.W. 654 (Tex. 1922); McLennan County v. Boggess,137 S.W. 346 (Tex. 1911). In Attorney General Opinion H-990
(1977), this office said that Harris County, lacking specific authority therefor, could not charge tolls on the operation of the Lynchburg Ferry. In this instance, the imposition by a county of a parking fee for off-beach parking is nowhere specifically provided by statute. Accordingly, we conclude that a county may not, pursuant to section 61.122(a) of the Natural Resources Code, impose an annual parking fee for on-beach parking.
 SUMMARY
A county may not impose, pursuant to section 61.122(a) of the Natural Resources Code, an annual parking fee for on-beach parking.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Tom Green First Assistant Attorney General
 David R. Richards Executive Assistant Attorney General
 Robert Gray Special Assistant Attorney General
 Prepared by Jim Moellinger Assistant Attorney General