

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

April 26, 1993

Honorable James E. "Pete" Laney
Speaker
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. DM-219

Re: Authority of the Board of Licensure for Nursing Home Administrators to charge and "collect a $10.00 fee for each administrator-participant in all education courses approved by the [board] for continuing education units" (RQ-492)

Dear Mr. Speaker:

You ask the following questions:

Under current governing statutes, does the Board of Licensure for Nursing Home Administrators (TBLNHA) have authority to collect a $10 fee for each administrator-participant in all education courses approved by the TBLNHA for continuing education units (CEUs) when:

- such fee is above and beyond the fee charged to the participant by the course provider;

- when the fee is in addition to the fee charged by TBLNHA to the course provider for approval of the course for CEUs;

- when the course provider is the entity to be assessed and responsible for payment of the fee; and

- when TBLNHA will deny credit to the administrator-participant for the course completed if the $10 fee is not paid?

Under the circumstances you describe, TBLNHA imposes the $10 fee on the "course provider," which then passes along the charge to the "participant."

Section 10 of the board's enabling statute, article 4442d, V.T.C.S., describes certain fees which the board is authorized to assess, including an initial licensing fee of not more than $150.00, an examination fee of not more than $150.00, a biennial licensing fee

of not more than $150.00, and a penalty of $50.00 for renewal of a license which has been expired for more than 30 days. In addition, subsection 6(7) directs the board to

> conduct or cause to be conducted, one or more courses of instruction and training sufficient to meet the requirements of this Act, make provisions for the conduct of such courses and their accessibility to residents of this State, and establish and *collect reasonable fees to be deposited into the general fund for instruction or training courses conducted by the board in amounts determined by the board to be sufficient to cover the costs of the courses*, unless it finds that there are a sufficient number of courses conducted by others within this State to meet the needs of the State. In lieu thereof the board may approve courses conducted within and without the State as sufficient to meet the education and training requirements of this Act.

V.T.C.S. art. 4442d § 6(7) (emphasis added). As the italicized language demonstrates, the board *is* empowered to "collect reasonable fees" for continuing education courses, but *only* for those "instruction courses conducted by the board." When the courses are "conducted by others," the statutory language confers no authority on the *board* to impose fees of any kind whatsoever.

You indicate that the board believes that its authority to assess the proposed $10 charge for continuing education courses conducted by outside sources derives from section 8 of article 4442d. Section 8 is a general rule-making provision. It empowers the board "to make rules and regulations not inconsistent with law as may be necessary or proper for the performance of its duties." A long line of opinions from this office has held, however, that a state licensing agency may not prescribe any fee which is not specifically authorized by statute. In Attorney General Opinion H-669 (1975), for example, this office declared that the Board of Dental Examiners was not empowered to impose fees on dental assistants in the absence of specific statutory authorization to do so. Likewise, in Attorney General Opinion H-443 (1974), the attorney general stated that the Structural Pest Control Board was not permitted to assess an additional charge for administering its licensing examination. Finally, in Attorney General Opinion H-897 (1976), this office asserted that the Department of Labor and Standards was without authority to conduct "shop surveys" of boiler manufacturers and charge a fee for doing so. *See also* Attorney General Opinion V-1426 (1952). Each of these prior opinions relies on the court's decision in *Nueces County v. Currington*, 162 S.W.2d 687 (Tex. 1942), which declared that

> unless a fee is provided by law for an official service required to be performed and the amount thereof fixed by law, none can lawfully be charged therefor.

*Id.* at 688; *see also McCalla v. City of Rockdale*, 246 S.W. 654 (Tex. 1922).

In the situation you pose, a number of permissible fees are specified by statute, but there is no statutory authorization for the board to impose a $10.00 charge in connection with continuing education courses which are conducted, not by the board itself, but by outside sources. It is our opinion, therefore, that the Board of Licensure for Nursing Home Administrators may not assess and collect the fees in question.

## S U M M A R Y

The Board of Licensure for Nursing Home Administrators is not authorized to impose and collect a $10.00 fee from administrators or participants in courses conducted by outside sources and approved by the board as continuing education units.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Attorney General for Litigation

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General