

# The Attorney General of Texas

August 23, 1985

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable T. R. Bandy, Jr.
Nueces County Attorney
Courthouse, Room 206
Corpus Christi, Texas    78401

Opinion No. JM-345

Re: Whether a county may impose an annual fee for parking of motor vehicles on Gulf Coast beaches

Dear Mr. Bandy:

You have provided us with the following information:

> The Nueces County commissioners court is considering adopting a motor vehicle traffic regulation to be effective upon gulf coast beaches located outside of corporate city limits. Such order would be adopted in the manner prescribed and pursuant to this county's authority to do so under the Natural Resources Code, section 61.122(a), V.T.C.S. See Attorney General Opinion H-1310 (1978).

> The proposed regulation would require any motor vehicle parked on the beaches of Mustang and Padre Islands outside of corporate city limits, but within the boundaries of Nueces County, to display a validly issued county parking permit. Permits would be readily available for a $5.00 annual fee. Funds derived by the county from the fees collected would be utilized for beach cleaning, public restrooms and law enforcement purposes on the beaches.

You ask whether "a commissioners court has the power either directly or by implication to impose an annual parking fee for the parking of motor vehicles on gulf coast beaches pursuant to its authority to regulate traffic on these beaches." We answer your question in the negative.

The threshold question is whether a county is authorized to restrict and regulate parking on such beaches. If we answer this question in the affirmative, we must then determine whether a county

Honorable T. R. Bandy, Jr. - Page 2   (JM-345)

may then impose an annual parking fee such as the one which you propose. Article IX, section 1-A of the Texas Constitution provides the following in pertinent part:

> The Legislature may authorize the governing body of any county bordering on the Gulf of Mexico or the tidewater limits thereof to regulate and restrict the speed, parking and travel of motor vehicles on beaches available to the public by virtue of public right and the littering of such beaches.
>
> Nothing in this amendment shall increase the rights of any riparian or littoral landowner with regard to beaches available to the public by virtue of public right or submerged lands.
>
> The Legislature may enact any laws not inconsistent with this [s]ection which it may deem necessary to permit said counties to implement, enforce and administer the provisions contained herein.   (Emphasis added).

Section 61.122(a) of the Natural Resources Code provides the following:

> The commissioners court of a county bordering on the Gulf of Mexico or its tidewater limits, by order, may regulate motor vehicle traffic on any beach within the boundaries of the county and may prohibit the littering of the beach and may define the term 'littering.'   (Emphasis added).

The constitutional provision pursuant to which section 61.122(a) was adopted permits the legislature to authorize the governing body of any county "to regulate and restrict the speed, parking and travel of motor vehicles on beaches available to the public." The statute authorizes the commissioners court to "regulate motor vehicle traffic. . . ." That the commissioners court has authority to regulate parking on beaches is shown by section 61.126 of the code, which provides as follows:

§61.126.  Traffic Regulations

> If the order includes a traffic regulation, the order shall provide for signs that are designed and posted in compliance with the current provisions of the Texas Manual on Traffic Control Devices for Streets and Highways, stating the

> applicable speed limit, <u>parking requirement</u>, or
> that vehicles are prohibited.  (Emphasis added).

However, the prohibition against motor vehicles on public beaches may
not have the effect of precluding all public access to public beaches.
We next turn to whether section 61.122(a) of the Natural Resources
Code authorizes a county to impose an annual parking fee.  For two
reasons, we conclude that it does not.  <u>See</u> §61.011.

Commissioners courts may exercise only those powers conferred by
the constitution and statutes.  <u>Canales v. Laughlin</u>, 214 S.W.2d 451
(Tex. 1948).  We have found no statute which purports to authorize
counties to impose such a fee.  Section 61.070 provides that

> [s]ubsection (4), [s]ection 61.069 of this code
> shall not be construed to prohibit the assessment
> of a reasonable fee for <u>off-beach</u> parking or for
> the use of facilities provided for the use and
> convenience of the public.  (Emphasis added).

In the event that a city or county seeks state funds to clean public
beaches, subsection (4) of section 61.069 provides that such applica-
tion must provide "that entrance to all public beaches under the
jurisdiction of the governing body of the city or county is free of
charge. . . ."  Section 61.069 clearly contemplates that, in this
instance, certain specified counties may impose a reasonable parking
fee for <u>off-beach</u> parking; no such authority is conferred with respect
to on-beach parking.  Section 61.069 is not express authority to
charge a fee; it is simply a statement that if a governmental body has
authority to charge a <u>fee</u> it is not taken away by this section.  We
conclude that the legislature's express inclusion of authority to
impose a reasonable fee for off-beach parking is tantamount to an
express exclusion of such authority with respect to on-beach parking.

Moreover, unless the imposition of a fee is specifically provided
by law, none may lawfully be charged.  <u>Nueces County v. Currington</u>,
162 S.W.2d 687 (Tex. 1942).  <u>See also</u> <u>McCalla v. Rockdale</u>, 246 S.W.
654 (Tex. 1922); <u>McLennan County v. Boggess</u>, 137 S.W. 346 (Tex. 1911).
In Attorney General Opinion H-990 (1977), this office said that Harris
County, lacking specific authority therefor, could not charge tolls on
the operation of the Lynchburg Ferry.  In this instance, the imposi-
tion by a county of a parking fee for off-beach parking is nowhere
specifically provided by statute.  Accordingly, we conclude that a
county may not, pursuant to section 61.122(a) of the Natural Resources
Code, impose an annual parking fee for on-beach parking.

## S U M M A R Y

A county may not impose, pursuant to section 61.122(a) of the Natural Resources Code, an annual parking fee for on-beach parking.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Nancy Sutton
Sarah Woelk