Lawanda Lorraine BAILEY,
et al., Plaintiffs,

v.

DISTRICT OF COLUMBIA,
et al., Defendants.

Civ. A. No. 93–0403 (RCL).

United States District Court,
District of Columbia.

Dec. 13, 1993.

Ronald L. Drake, Washington, DC, for plaintiffs.

Michelle L. Sedgewick, Asst. Corp., D.C., Washington, DC, for defendants.

## MEMORANDUM OPINION

LAMBERTH, District Judge.

This case comes before this court on plaintiffs' motion for an award of attorney's fees under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(e)(4)(B). That statute provides that

> [i]n any action or proceeding brought under this subsection, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents or guardian of a handicapped child or youth who is the prevailing party.

Having considered the pleadings and evidence of both parties, this court shall grant plaintiffs' fee request.

## I. BACKGROUND

The case underlying this attorney's fee litigation was brought on behalf of fourteen minor plaintiffs by their parents and guardians, claiming that the District of Columbia Public Schools ("DCPS") had failed to provide the children with appropriate special education and related services in violation of

IDEA, 20 U.S.C. § 1400 *et seq.* In administrative due process hearings, plaintiffs were found to be entitled to special education and related services. After winning on the merits of their case, plaintiffs filed this action for attorney's fees, expert witness fees, and costs. Defendants conceded that plaintiffs were prevailing parties for the purposes of § 1415(e)(4)(B) and were entitled to an award of reasonable attorney's fees and costs under that statute.

On April 23, 1993, this court granted plaintiffs' motion for summary judgment, finding defendants liable for reasonable attorney's fees but postponing the determination of the amount of such an award. Pursuant to court order, plaintiffs then filed a statement of the amount of attorney's fees, expert witness fees, costs and expenses incurred. Defendants filed a brief in opposition to that statement, and plaintiffs replied.

On November 8, 1993, finding the parties' submissions inadequate to resolve the attorney's fee and cost issues, this court ordered plaintiffs to submit evidence of the prevailing market rates for their counsel's services and to submit a well-documented list of plaintiffs' expert's expenses. By the same order, this court required defendants to disclose the hourly rate at which they have historically settled their attorney's fee disputes with lawyers like plaintiffs' counsel, to set forth their position on awards of interest against the District of Columbia, and to brief the issue of whether expert fees and costs may be awarded under § 1415(e)(4)(B).

Lastly, the order required defendants to state the uncontested amount of fees and costs that they conceded they owed to plaintiffs. By order of November 26, 1993, this court ordered defendants to pay that amount—$87,388.29—to plaintiffs.

Nevertheless, the interim award left much unresolved. The parties still dispute the hourly rate to which plaintiffs' counsel is entitled, the number of hours of his time for which he is due compensation, the amount of costs that are recoverable, and the method of calculating pre-judgment interest. This court will address each issue in turn.

## II. REASONABLE ATTORNEY'S FEE

### A. Reasonable Hourly Rate

█ In the November order, this court determined that plaintiffs' counsel, Mr. Ronald Drake, was entitled to the prevailing market rate for his work in this case, and ordered further discovery to determine what that prevailing market rate is. The affidavits submitted by both parties have been extremely helpful. Defendants have submitted the billing rates of the eight attorneys in the District of Columbia who practice primarily in the special education field. (Plaintiffs have submitted the billing rates for three of these lawyers, confirming defendants' data.) All of these lawyers have represented clients on special education matters before the United States District Court for the District of Columbia, and all but one of them have represented clients in administrative due process hearings against the DCPS.[1] The current billing rates of these special education lawyers range from $150 per hour to $230 per hour. A chart of the fees currently charged by special education attorneys (other than Mr. Drake) in the District of Columbia is set forth below:

| Name of Attorney | Years of Experience | Hourly Billing Rate (1993) |
|---|---|---|
| Matthew Bogin | 19 | $230 |
| Michael Jeffrey Eig | 19 | $230 |
| Francisco Lopez | 2 | $165 |
| Margaret Kohn | 21 | $175 |
| Donna Wulkan | 10 | $200 |
| Beth Goodman | 9 | $175 |
| Joan Christopher | 13 | $150 |

---

1. Affidavit of Donovan Anderson, at ¶ 7, Ex. 1 of Defs.' Submission to the Court in Response to the Court's Nov. 5, 1993 Order Regarding Reasonable Hourly Rates.

Concededly, there is not much data here upon which to base a prevailing market rate. The field of special education lawyers—the sub-market in which plaintiffs' counsel places himself—is small. Nevertheless, it is clear from the data available that the prevailing market rate for special education lawyers in the District of Columbia with Mr. Drake's many years of experience is $175 to $230 per hour. (Because none of the lawyers has acquired Mr. Drake's thirty years of legal experience, the court relies on the rates charged by lawyers who have practiced for more than nineteen years.) Mr. Drake's requested rate—$200 per hour—is well within the prevailing market rates for similar legal work performed in this community.

### B. Reasonable Number of Hours Expended

In the interim award, defendants denied plaintiffs compensation for roughly twenty to thirty percent of their claimed hours. Defendants conceded liability for almost all (eighty-seven percent) of Mr. Drake's time spent on the case of student William T. Robinson, for none of his time he spent on the case of Mario Valentino Key, and for seventy to eighty percent of the hours he spent on most of the other cases.[2] Defendants do not explain why they have conceded liability for varying percentages of the hours counsel spent on the fourteen special education cases. In their opposition memorandum, however, defendants do make three arguments against plaintiffs' claimed hours.

■ First, defendants contest liability for the time plaintiffs' counsel spent doing "clerical" tasks like opening computer files and drafting retainer agreements, school record release authorizations, cover letters, independent evaluation requests, medical record release authorizations, and letters to parents requesting documents. (Defs.' Opp'n, at 6.) Yet drafting contracts, release authorizations, and outside correspondence are not

mere clerical tasks. Perhaps they are jobs that could have been performed more cheaply by a less experienced lawyer who commands a lower billing rate. Yet attorneys like plaintiffs' counsel, operating either as solo practitioners or in small firms, often lack the resources to retain a large staff of junior lawyers who could handle such tasks more economically. Denying plaintiffs compensation for these tasks would unfairly punish plaintiffs and their counsel for not staffing this case as if they had the manpower of a major law firm.

■ Secondly, defendants argue that "several items billed from June 1992 to February 1993 are not related to the litigation."[3] Between those dates, plaintiffs' counsel made several calls to the DCPS superintendent's assistant legal counsel about the legal bill of two of the plaintiffs, corresponded with DCPS legal counsel Ms. Cecelia Wirtz, and drafted and filed the complaint in this case. (Pls.' Reply Ex. 21, at 1–2.) All these tasks seem appropriately related to the case.

■ Lastly, defendants charge that plaintiffs' counsel spent an "excessive amount of time" on simple legal tasks. Defendants point to the 3.5 hours billed to draft a short motion for summary judgment and the two hours billed to revise it as their sole example of counsel's "excessive" billing. (Defs.' Opp'n, at 6.) This example makes plaintiffs' case. Less than six hours spent on a winning motion for summary judgment is impressively efficient. Plaintiffs may be compensated for all their time claimed.

### III. COSTS

■ Defendants granted plaintiffs most, but not all, of their requested costs in the interim award. The interim award has left in dispute only a few claimed photocopying, travel, long distance telephone, and postage expenditures, all incurred either in adminis-

---

**2.** Submission to the Court Regarding an Interim Award of Attorney's Fees, Expert Witness Fees and Litigation Costs to Pls., at ¶¶ 1–14.

**3.** Such blunderbuss attacks on plaintiffs' claimed hours are generally less persuasive than precise

criticisms that identify, for example, which billed items were unrelated to the case. *See Nat'l Ass'n of Concerned Veterans v. Sec. of Defense*, 675 F.2d 1319, 1337–38 (D.C.Cir.1982) (Tamm, J., concurring).

trative proceedings[4] or in the litigation of this fee petition.[5] Congress has authorized all of these costs to be shifted to defendants as elements of a "reasonable attorney's fee" under § 1415(e)(4)(B). *See, e.g., Northcross v. Board of Ed. of Memphis City,* 611 F.2d 624, 639 (6th Cir.1979), *cert. denied,* 447 U.S. 911, 100 S.Ct. 2999, 3000, 64 L.Ed.2d 862 (1980).

■ The interim agreement also left uncompensated $17.50 in fees and $10.00 in costs of plaintiffs' expert, who testified at a 1992 hearing about the appropriateness of the MacArthur Day School for one of the fourteen plaintiffs, Reginald Walton. (Pls.' Application, Ex. 12.) Congress usually does not intend for the fees or costs of experts to be awarded as part of a reasonable attorney's fee. *See West Virginia University Hospitals v. Casey,* 499 U.S. 83, 88–92, 111 S.Ct. 1138, 1141–43, 113 L.Ed.2d 68 (1991). However, the statute at issue in this case, § 1415(e)(4)(B), is an exception. *See id.,* at 91 n. 5, 111 S.Ct. at 1143 n. 5. Section 1415(e)(4)(B) awards "attorneys' fees as part of the costs," a phrase the congressional conferees intended to encompass "reasonable *expenses and fees* of expert witnesses." *H.R.Conf.Rep. No. 687,* 99th Cong., 2d Sess. 5, *reprinted in,* 1986 *U.S.Code Cong. & Admin.News* 1798, 1808 (emphasis added). *See also Field v. Haddonfield Bd. of Educ.,* 769 F.Supp. 1313, 1323 (D.N.J.1991) (awarding expert fees "as part of the costs" awarded under § 1415(e)(4)(B)).

■ Of course, all of these costs—of photocopying, travel, long distance telephone, postage, and expert fees and costs—are properly shifted to defendants only if they are reasonable. "The establishment of reasonableness is the petitioner's burden." *In re Oliver L. North (Schultz Fee Application),* 8 F.3d 847, 852 (D.C.Cir.1993). When extravagant costs are undocumented, the court questions whether they are truly necessary and often disallows them. *See id.* However, in this case, the costs requested are quite modest: the largest individual cost is $35.00, and the sum of all the claimed unpaid costs is only $409.75. Although defendants excluded these costs from the "uncontested" costs of the interim award, defendants do not state why they challenge them. In the interim award, defendants conceded certain costs but denied other, apparently indistinguishable costs—the ones at issue here—without explanation. Further, defendants have never made a formal request that plaintiffs produce receipts to document these costs. *See Concerned Veterans,* 675 F.2d at 1338 (Tamm, J., concurring) (parties opposing fee applications "must file with the district court a formal request for discovery."). *See also id.,* 675 F.2d at 1329. Because these costs appear modest and reasonable on their face, and because defendants have offered no reasons to question these expenses and have made no formal request for their documentation, plaintiffs may recover the remainder of their costs.

## IV. INTEREST

■ Plaintiffs are clearly not entitled to an award of current, rather than historical, rates for their legal services in this case. The delay in payment has been extremely brief. Plaintiffs only began incurring legal fees only as early as April 30, 1991 (Pls.' Application, Ex. 5), and through the interim award plaintiffs have already received payment for a large portion of their fees and costs.

■ Short as the delay in payment has been, it has nevertheless cost plaintiffs the past six months' time value of their money. To compensate for this loss, plaintiffs seek interest on their fee award, at one percent per month, accruing 30 days after the date of each bill. (Plaintiffs do not seek interest on

---

4. By not contesting liability *per se* for fees and expenses incurred in the administrative due process hearings, defendants implicitly concede that the administrative hearings were statutorily required and were not merely "optional administrative remedies." *Webb v. Board of Education,* 471 U.S. 234, 244, 105 S.Ct. 1923, 1929, 85 L.Ed.2d 233 (1985).

5. Reasonable attorney's fees and costs incurred litigating a fee petition are compensable. *See, e.g., Sierra Club v. E.P.A.,* 769 F.2d 796, 811 (D.C.Cir.1985); *Environmental Defense Fund v. E.P.A.,* 672 F.2d 42, 64 (D.C.Cir.1982).

the payment of their fees or costs incurred litigating this fee petition. Pls.' Reply, at 18.)

 Unlike the federal government, the District of Columbia does not enjoy sovereign immunity from interest awards. *See Library of Congress v. Shaw*, 478 U.S. 310, 106 S.Ct. 2957, 92 L.Ed.2d 250 (1986). Like any other defendant, the District becomes liable for interest as soon as " 'the amount to be restored became relatively certain.' " *Frederick County Fruit Growers v. Martin*, 968 F.2d 1265, 1275 (D.C.Cir.1992) (quoting *Bebchick v. Washington Metropolitan Transit Comm'n*, 645 F.2d 1086, 1093 (D.C.Cir. 1981)). On April 23, 1993, when this court granted plaintiffs' motion for summary judgment and found defendants liable for plaintiffs' reasonable attorney's fees and costs, it became "relatively certain" that defendants would be liable for fees calculated at counsel's $200 per hour rate. Of course, the parties have always disputed whether defendants owed plaintiffs $200 per hour or $150

per hour, and nothing before today's opinion firmly resolved that dispute. However, today's resolution is based on information produced from defendants' own files. Defendants should have known all along that it was "relatively certain" that they would be liable for much of Mr. Drake's time at a rate of approximately $200 per hour.

Although defendants are liable for interest accruing since that date, they are not liable at the one percent per month rate requested by plaintiffs. Interest awards against the District are statutorily capped at four percent per year (D.C.Code, § 28–3302(b)), which is one-third of plaintiffs' requested rate. Plaintiffs may collect only four percent annual interest on their fee award.

## V. CONCLUSION

For litigating the merits of this case, plaintiffs are awarded fees in accordance with the chart below:

| Hours | Market Rate | Lodestar Amt | Interest [6] | Total |
|-------|-------------|--------------|-----------|-------|
| 98.70 | $150/hour | $ 14,805.00 | $ 394.80 | $ 15,199.80 |
| 590.46 | $200/hour | $118,092.00 | $3,149.12 | $121,241.12 |
| Total Fees for Merits, Including Interest | | | | $136,440.92 |

For litigating this fee petition, plaintiffs are awarded fees in accordance with the chart below:

| Hours | Prevailing Market Rate | Amount |
|-------|------------------------|--------|
| 65.25 | $200/hour | $13,050.00 |

In sum, plaintiffs are awarded attorney's fees as follows:

| | |
|---|---|
| Total Fees for Merits, Including Interest | $136,440.92 |
| Fees for Fee Litigation [7] | $ 13,050.00 |
| Costs for Merits and Fee Litigation | $ 409.75 |
| Less Interim Fee Award | ($ 87,388.29 ) |
| Total Fees and Costs Awarded by this Order | $ 62,512.38 |

Plaintiffs are hereby awarded $62,512.38 in attorney's fees and costs.

**6.** Interest is calculated for the eight months between April and December, 1993, as follows: $(8/12)(4\%)(\text{lodestar amount}) = \text{interest}$.

**7.** This portion of the award may be amended after the filing of a supplemental motion requesting compensation for reasonable time spent on this fee litigation since the filing of the original petition.

894

## ORDER

This case comes before this court on plaintiffs' motion for an award of attorney's fees under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(e)(4)(B). Having considered the pleadings and evidence of both parties, it is hereby, for the reasons set forth in an accompanying memorandum opinion,

ORDERED that plaintiffs' motion for an award of attorney's fees be granted, and it is further

ORDERED that defendants shall, within forty-five days of the date of this order, pay plaintiffs attorney's fees in the amount of $62,512.38, and it is further

ORDERED that plaintiffs shall, within twenty days from the date of this order, file a supplemental motion for award of attorney's fees incurred since the date of plaintiffs' motion for an award of attorney's fees and for expenses, unless a settlement between the parties before then obviates the need to file such a supplemental motion.

SO ORDERED.