OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

April 12, 2001

The Honorable C.E. "Mike" Thomas, III
Howard County Attorney
P.O. Box 2096
Big Spring, Texas 79721

Opinion No. JC-0364

Re: Whether a county with a regional mental-health hospital may charge a "document preparation fee" of the county that is responsible for the costs of a hospital patient's mental-health proceeding, and related question (RQ-0306-JC)

Dear Mr. Thomas:

A county that is responsible for paying the costs of a hospital patient's mental-health proceeding under section 571.018(c) of the Health and Safety Code may be ordered to pay all costs including attorney's fees; physician-examination fees; compensation of certain court-appointed personnel; certain transportation expenses; certain costs and salary supplements; and certain "prosecutor's fees." *See* TEX. HEALTH & SAFETY CODE ANN. § 571.018(c) (Vernon Supp. 2001); *see also id.* § 571.018(a) (indicating which county is responsible). You ask whether Howard County, home of Big Spring State Hospital, may charge the responsible county a "document-preparation fee" if Howard County conducts a mental-health proceeding related to a patient at Big Spring State Hospital.[1] We conclude that the costs the Howard County prosecutor's office incurs in preparing necessary documents are included within the phrase "prosecutor's fees" listed in section 571.018(c)(6), and the county may not levy a separate charge for preparing the documents. We assume, as you do, that Howard County is not responsible under subsections 571.018(a) and 571.018(b) of the Health and Safety Code for the costs listed in subsection (c). *See* TEX. HEALTH & SAFETY CODE ANN. § 571.018(a), (b), (c) (Vernon Supp. 2001).

If Howard County may not charge the responsible county a separate fee for preparing necessary documents, you ask whether the county may "refuse to prepare the necessary documents and refuse to conduct the hearings for patients at Big Spring State Hospital placed from other counties." Request Letter, note 1, at 1. You list four proceedings about which you are concerned: a probable-cause hearing under section 574.025 of the Health and Safety Code, *see* TEX. HEALTH & SAFETY CODE ANN. § 574.025 (Vernon Supp. 2001); a ninety-day hearing under section 574.034 of the same code, *see id.* § 574.034; a hearing on a motion for extended care under section 574.035 of the same code, *see id.* § 574.035; and a hearing on a motion to authorize the administration of

---

[1] Letter from Honorable C.E. "Mike" Thomas, III, Howard County Attorney, to Honorable John Cornyn, Texas Attorney General, at 1 (Nov. 6, 2000) (on file with Opinion Committee) [hereinafter Request Letter].

psychoactive medication under section 574.104 of the same code, *see id.* § 574.104. The answer for each of the four types of proceedings you list depends upon the statutes applicable to each type of hearing.

I.    **Texas Mental Health Code, title 7, subtitle C of the Health and Safety Code**

The Texas Mental Health Code, codified as subtitle C of title 7, Health and Safety Code (consisting of sections 571.001 through 577.019), pertains to the care and treatment of mentally ill individuals. *See* TEX. HEALTH & SAFETY CODE ANN. chs. 571 - 577 (Vernon 1992 & Supp. 2001); Tex. Att'y Gen. Op. No. JC-0287 (2000) at 2.    Chapter 573 provides for emergency detention of persons who are believed to be mentally ill, and chapter 574 provides for other court-ordered mental-health services.

Under chapter 573, an individual who is believed to be mentally ill may be detained on an emergency basis in one of two ways:  either by a peace officer without a warrant or in accordance with a court-ordered emergency-detention warrant. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 573.001, .002, .011, .012 (Vernon 1992).   In either case, a peace officer transports an apprehended person who is believed to be mentally ill to "the nearest appropriate inpatient mental health facility" or to "a facility deemed suitable by the county's mental health authority, if an appropriate inpatient mental health facility is not available." *Id.* § 573.012(e). The facility to which the apprehended person is taken temporarily accepts the person for detention. *See id.* § 573.021(a). Following a preliminary examination by a physician (within twenty-four hours of arrival), the apprehended person is admitted for emergency detention or is released. *See id.* §§ 573.021(c), .022(a) (Vernon 1992 & Supp. 2001).

Under chapter 574, a prosecutor or another adult may apply for court-ordered mental-health care for an individual who may be mentally ill. *See id.* § 574.001 (Vernon Supp. 2001); Tex. Att'y Gen. Op. No. JC-0287 (2000) at 2.  The application is filed in the county in which the proposed patient:

> (1) resides;
>
> (2) is found; or
>
> (3) is [already receiving court-ordered mental-health services, including under an emergency detention].

TEX. HEALTH & SAFETY CODE ANN. § 574.001(b) (Vernon Supp. 2001); Tex. Att'y Gen. Op. No. JC-0287 (2000) at 2. The application may be for extended mental-health services if the proposed patient "has received court-ordered inpatient mental health services under [the Mental Health Code] for at least 60 consecutive days during the preceding 12 months." TEX. HEALTH & SAFETY CODE ANN. § 574.002(b) (Vernon 1992).   Otherwise, the application is for temporary mental-health services. *See id.*

While an application for court-ordered mental-health services is pending, a motion for a protective-custody order may be filed in the same court. *See id.* § 574.021(a). If the court issues the protective-custody order, the court will designate a person to take the proposed patient into protective custody and transport the person immediately to an appropriate mental-health facility. *See id.* § 574.023(a) (Vernon Supp. 2001); *see also id.* § 571.003(2), (22) (defining "commissioner" and "single portal authority"). A probable-cause hearing must be conducted under section 574.025 of the Health and Safety Code generally within seventy-two hours after the proposed patient is detained under a protective-custody order. *See id.* § 574.025. This hearing addresses whether the proposed patient presents a substantial risk of serious harm to him- or herself or others. *See id.* § 574.025(b).

After a proposed patient is admitted for court-ordered mental-health services, he or she may be the subject of several judicial proceedings. Under section 574.034, a "ninety-day hearing" takes place following a motion for a court order for temporary mental-health services. *See id.* § 574.034(g). The patient's ongoing need for temporary mental-health services must be reevaluated every ninety days. *See id.* Under section 574.035, a hearing on a motion for extended care is held to determine whether the court should authorize a patient's treatment for up to twelve months. *See id.* § 574.035(a), (h). Finally, a hearing on an application to authorize the administration of psychoactive medication is held to consider a treating physician's application under section 574.104. *See id.* § 574.104(a).

Under section 571.018 of the Health and Safety Code, the county in which the proceedings originate is responsible for the costs of a hearing or proceeding under the Mental Health Code, although the responsible county is "entitled" to collect reimbursement from the patient or a person liable for the patient's support:

> (a) The costs for a hearing or proceeding under this subtitle shall be paid by:
>
> (1) the county that initiates emergency detention procedures under Subchapter A or B, Chapter 573; or
>
> (2) if no emergency detention procedures are initiated, the county that accepts an application for court-ordered mental health services, issues an order for protective custody, or issues an order for temporary mental health services.
>
> (b) The county responsible for the costs of a hearing or proceeding under Subsection (a) shall pay the costs of all subsequent hearings or proceedings for that person under this subtitle until the person is discharged from mental health services. The costs shall be billed by the clerk of the court conducting the hearings.

> (c) Costs under this section include:
>
>> (1) attorney's fees;
>>
>> (2) physician examination fees;
>>
>> (3) compensation for court-appointed personnel listed under Section 571.017;
>>
>> (4) expenses of transportation to a mental health facility or to a federal agency not to exceed $50 if transporting within the same county and not to exceed the reasonable cost of transportation if transporting between counties;
>>
>> (5) costs and salary supplements authorized under Section[] 574.031(i) and (j); and
>>
>> (6) prosecutor's fees authorized under Section 574.031(k).
>
> (d) A county is entitled to reimbursement for costs actually paid by the county from:
>
>> (1) the patient; or
>>
>> (2) a person or estate liable for the patient's support in a department mental health facility.
>
> . . . .

*Id.* § 571.018(a) - (d) (footnote omitted). Subsections 574.031(i), 574.031(j), and 574.031(k), to which subsections 571.018(c)(5) and 571.018(c)(6) refer, further provides for costs relating to a proceeding:

> (i) A judge who holds hearings at locations other than the county courthouse also may receive a reasonable salary supplement in an amount set by the commissioners court.
>
> (j) Notwithstanding other law, a judge who holds a hearing under this section may assess for the judge's services a fee in an amount not to exceed $50 as a court cost against the county responsible for the payment of the costs of the hearing under Section 571.018.

> (k) Notwithstanding other law, a judge who holds a hearing under this section may assess for the services of a prosecuting attorney a fee in an amount not to exceed $50 as a court cost against the county responsible for the payment of the costs of the hearing under Section 571.018.

*Id.* § 574.031(i), (j), (k).

## II.      Background facts

The county you represent, Howard County, is the home of Big Spring State Hospital. *See* Request Letter, *supra* note 1, at 1. Big Spring State Hospital's "catchment area," you inform us, includes seventy-eight counties. *Id.* You indicate that, as the home of Big Spring State Hospital, Howard County bears a large, costly burden:

> Most counties perform emergency detentions on patients that need mental health care and subsequently transfer the patients to Big Spring State Hospital. If the patients need further care, Howard County has been conducting the subsequent proceedings. Howard County must do thousands of hearings for these other counties.

*Id.* You then list subsequent hearings and the necessary documents that must be prepared:

- A probable-cause hearing requires preparing three documents.

- A ninety-day hearing entails preparing nine documents.

- A hearing to extend mental-health treatment entails preparing eleven documents.

- A psychoactive-medication hearing requires preparing four documents.

*See id.* at 1-2; *cf.* TEX. HEALTH & SAFETY CODE ANN. §§ 573.021(b), 574.003, .025 (Vernon 1992 & Supp. 2001) (detailing patient's right to be released twenty-four hours after emergency detention unless court orders further detention; right to judicial probable-cause hearing within seventy-two hours after petition for court-ordered treatment is filed; right to have attorney appointed when application for court-ordered services is filed); 25 TEX. ADMIN. CODE § 404.158(2)(A), (D), (E) (2000) (Dep't of Mental Health & Mental Retardation, Protection of Clients and Staff) (same). Since approximately 1989, Howard County has, by order of its commissioners court and with the agreement of "most of the counties in the catchment area," charged a separate fee for document preparation, which the responsible county pays in addition to all of the statutory fees. Request Letter, *supra* note 1, at 2. Currently, Howard County charges $75 to prepare documents necessary for a probable-cause hearing; $150 for documents necessary for a ninety-day hearing; $200 for

documents necessary for a motion to extend care; and $300 for documents necessary for a jury-trial commitment. *Id.* at 3. Two counties in the catchment area, Lubbock and Potter, recently have refused to pay these fees, "contending that the document preparation fee is illegal." *Id.* Citing the additional financial burden placed on Howard County and the county attorney's office in preparing the documents and setting the hearings, "Howard County maintains the fees are legal."[2] *Id.*

You do not describe the nature of the costs that Howard County wishes to include within the document-preparation fee. We assume that the fee covers the services of the prosecutor, legal assistants, and clerical workers, as well as a portion of equipment costs and materials costs. The document-preparation fee would, then, reimburse Howard County for these costs.

We limit our response to proceedings involving adult, not juvenile, patients. Proceedings concerning mentally ill juveniles are initiated in a juvenile court under chapter 55 of the Family Code. *See* TEX. FAM. CODE ANN. ch. 55 (Vernon Supp. 2001).

### III. Discussion of the issues

#### A. Whether a county with a regional mental-health hospital may charge the responsible county a "document-preparation fee" separate from the costs enumerated in section 571.018(c) of the Health and Safety Code

Under section 571.018, the county that initiates emergency-detention procedures or, if emergency-detention procedures are not initiated, the county that accepts an application for court-ordered mental-health services, issues a protective-custody order, or issues an order for temporary mental-health services must pay the costs of subsequent mental-health-services proceedings. *See* Tex. Att'y Gen. Op. No. JC-0287 (2000) at 3. That county continues to be fiscally responsible until the patient is discharged. *See id.* Consequently, the responsible county must pay, "for instance, . . . the costs of a hearing on a petition to administer psychoactive medication" under section 574.106, Health and Safety Code. *Id.*; *see* TEX. HEALTH & SAFETY CODE ANN. § 574.106 (Vernon Supp. 2001) ("Hearing on Patient's Capacity and Order Authorizing Psychoactive Medication"). Because Howard County is not the responsible county, it is not the county where emergency-detention proceedings were initiated or, if there were no emergency-detention proceedings, it did not accept an application for court-ordered mental-health services, did not issue a protective-custody order, or did not order temporary mental-health services.

Nothing in the statute expressly authorizes Howard County, as the home of a regional mental-health-services facility, to charge the responsible county a document-preparation fee. A

---

[2]Nevertheless, Senator Duncan, who represents Howard County, has introduced a bill that would, if passed, add a new subsection (k) to section 571.018 to expressly permit collecting a document-preparation fee: "If a county in which a state mental hospital is located incurs costs in the preparation of documents related to mental health proceedings for a patient or proposed patient in connection with treatment at the state mental hospital, the county may charge the county of residence of the patient or proposed patient for those costs." Tex. S.B. 581, 77th Leg., R.S. (2001).

county may charge a fee only if it is specifically authorized to do so by statute. *See Camacho v. Samaniego*, 831 S.W.2d 804, 811-15 (Tex. 1992) (determining that commissioners court is not authorized to collect preconviction-bail-bond-approval fees because statutes authorize collecting fees only in civil matters); *Nueces County v. Currington*, 162 S.W.2d 687, 688 (Tex. 1942) (stating that unless fee is provided for official service and fixed by law, none may be charged); Tex. Att'y Gen. LO-92-20, at 2. The costs that a responsible party must pay "include, but are not limited to, those enumerated in section 571.018(c)," and this office has accordingly concluded that the costs enumerated in section 571.018(c) are not exclusive. Tex. Att'y Gen. Op. No. JC-0287 (2000) at 4-5; *see* TEX. HEALTH & SAFETY CODE ANN. § 571.018(c) (Vernon Supp. 2001); *see also* Tex. Att'y Gen. Op. No. JC-0222 (2000) at 4.

Nevertheless, Howard County may not charge separately for costs intended to be encompassed within section 571.018(c)(6)'s phrase, "prosecutor's fees." The costs that the prosecutor's office incurs in preparing documents necessary to conduct these hearings are encompassed within the phrase "prosecutor's fees." Section 574.031(k) plainly limits the fee for a prosecuting attorney to "an amount not to exceed $50." TEX. HEALTH & SAFETY CODE ANN. § 574.031(k) (Vernon Supp. 2001). We believe section 571.018(c)(6) and section 574.031(k) are referring to the same prosecutor's fee.

The statute is not facially clear as to the components of prosecutor's fees. Beyond referring to section 574.031(k) of the Health and Safety Code, section 571.018 does not define or explain the term. *See id.* § 571.018(c)(6). Section 574.031(k) indicates only that the prosecutor's fees are for the prosecutor's services, *see id.* § 574.031(k), but they do not supplement the prosecutor's salary. *See* Tex. Att'y Gen. LO-98-053, at 1-2. Rather, they are to be "deposited with the county treasurer according to section 113.021 of the Local Government Code." *Id. But see* Debate on Tex. H.B. 591 on the Floor of the Senate, 75th Leg., R.S. (May 27, 1997) (testimony of Senator Ellis on bill's second reading) (tape available from Senate Staff Services Office) (indicating that $50 prosecutor's fee is court cost to be paid to county's general fund). Given the statute's ambiguity, we look for guidance to relevant legislative history.

The legislature intended sections 571.018(c), 574.031(i), 574.031(j), and 574.031(k) to limit the amount the county in which the hospital is located could charge the responsible county for conducting a hearing. Subsections 571.018(c)(5) and 571.018(c)(6) were adopted in 1997 under House Bill 591, as were subsections 574.031(j) and 574.031(k). *See* Act of May 29, 1997, 75th Leg., R.S., ch. 1354, §§ 1, 2, 1997 Tex. Gen. Laws 5104, 5104-05. Bill supporters believed that the proposed cost caps would "ensure that each county paid its fair share of hearing costs," while ending "recent problem[s] in some counties that have been overcharging for the services of their prosecutors in these types of hearings." HOUSE RESEARCH ORGANIZATION, BILL ANALYSIS, Tex. H.B. 591 (1997). Opponents worried that the limit, originally set at $25, would fail to "cover the actual cost of a prosecutor's services" and suggested that the cap be raised (which it was, to $50). *Id.* Judge Guy Herman, who testified before the House Committee on Judicial Affairs, stated that a prosecutor should receive a fee for serving a county other than his or her own, but the prosecutor's county should not be able to exploit the responsible county: "what we're starting to see is, is some counties

are starting to charge these fees that are way in excess of what the reasonable cost would be, so [by limiting the fee to $25] . . . , that is to be the reasonable fee." *Hearings on H.B. 591 Before the House Comm. on Judicial Affairs*, 75th Leg., R.S. (Feb. 26, 1997) (testimony of Judge Guy Herman, Travis County Probate Judge) (tape available from House Video/Audio Services Office). Senator Ellis testified to the same effect before the Senate Committee on Jurisprudence: "The bill also makes the ability to charge a prosecutor's fee in connection for trying another county's mental health cases uniform while setting an upper limit on the fees. This upper limit prevents any county from trying to take advantage of another." *Hearings on H.B. 591 Before the Senate Comm. on Jurisprudence*, 75th Leg., R.S. (Apr. 21, 1997) (testimony of Senator Ellis) (tape available from Senate Staff Services Office). Judge Herman testified again before the Senate Committee on Jurisprudence:

> [S]ome counties are starting to charge so much in fees that it's becoming a money [maker for] their operation rather than doing it as a service. . . . [O]riginally some of us thought there shouldn't be a prosecutor's fee, but I'm more than willing to have a prosecutor's fee but [there] has to be some sense of reasonableness. I heard $125 to $150 for probable cause hearing—that's one hearing—there's another hearing, a final hearing. I would tend to think the fee would be about the same—that's $250 just for the prosecutor's fee, then you have the court costs, then you have the constable services, then you have the special master fee. You have a number of fees in there so one case costs $1,000. You haven't even had a jury and there ought to be some uniformity.

*Id.* (testimony of Judge Guy Herman, Travis County Probate Judge) (tape available from Senate Staff Services Office). The legislative history thus suggests that, while the legislature intended a responsible county fairly to compensate the county that is home to a mental-health-services provider, it also intended to limit the amount of fees the provider's county may charge.

We accordingly believe section 571.018(c)(6) should be construed broadly to include within it all items normally encompassed in the parallel term, "attorney's fees." The statutory phrases "attorney's fees," *see* TEX. HEALTH & SAFETY CODE § 571.018(c)(1) (Vernon Supp. 2001), and "prosecutor's fees," *see id.* §§ 571.018(c)(6), 574.031(k), are analogous: The court appoints an attorney to represent a proposed patient who does not have an attorney. *See id.* § 574.001(a). This private attorney may collect "attorney's fees" under section 571.018 of the Health and Safety Code. *See id.* § 571.018(c)(1). The phrase "attorney's fees" refers to a prosecutor's counterpart in the private sector. Thus, the attorney's fee goes to the private attorney who represents the patient's interests, while the prosecutor's fee goes to the state's attorney, representing the public's interest. *Compare id.* § 571.018(c)(1) (including "attorney's fees" among billable costs), *with id.* §§ 571.018(c)(6), 574.031(k) (including and providing for "prosecutor's fee" among billable costs).

The phrase "attorney's fees" commonly encompasses costs related to preparing documents required in pending litigation. When a court awards a winning party attorney's fees, the fees encompass all components of the attorney's work product: "Clearly, a 'reasonable attorney's fee' cannot have been meant to compensate only work performed personally by members of the bar. . . . Thus, the fee must take into account the work not only of attorneys, but also of secretaries, messengers, librarians, janitors, and others whose labor contributes to the work product for which an attorney bills her client; and it also must take account of other expenses and profit." *Missouri v. Jenkins*, 491 U.S. 274, 285 (1989); *Emmenegger v. Bull Moose Tube Co.*, 33 F. Supp. 2d 1127, 1133 (E.D. Mo. 1998) (quoting *Jenkins*, 491 U.S. at 285); *In re Vista Foods USA, Inc.*, 234 B.R. 121, 127 (Bankr. W.D. Okla. 1999); *cf.* ROBERT L. ROSSI, ATTORNEYS' FEES § 5:15 (2d ed. 1995). Calculating a reasonable attorney's fee in a particular case depends upon prevailing practices in the community. *See Missouri*, 491 U.S. at 286-87. Depending upon marketplace custom, attorney's fees may include:

- reasonable photocopying expenses, *see Emmenegger*, 33 F. Supp. 2d at 1134;

- computer-assisted legal research, *see id.* at 1137; *Montgomery v. Aetna Plywood, Inc.*, 231 F.3d 399, 409 (7th Cir. 2000);

- hourly charges of paralegals and legal assistants, *see Emmenegger*, 33 F. Supp. 2d at 1138-39; *Gill Sav. Ass'n v. Int'l Supply Co.*, 759 S.W.2d 697, 702-05 (Tex. App.–Dallas 1988, writ denied). *See generally* James J. Watson, Annotation, *Attorneys' Fees: Cost of Services Provided by Paralegals or the Like as Compensable Element of Award in State Court*, 73 A.L.R. 4TH 938 (1989);

- drafting motions, contracts, release authorizations, and outside correspondence, *see Bailey v. Dist. of Columbia*, 839 F. Supp. 888, 891 (D.C. 1993).

Included expenses may not be charged separately. *See Gill Sav. Ass'n*, 759 S.W.2d at 705; 20 AM. JUR. 2D *Costs* § 61 (1995) (suggesting that expenses of paralegals, legal assistants, or computer-aided research is unrecoverable except as component of award for attorney's fees).

By analogy, we construe the phrase "prosecutor's fees" in sections 571.018(c)(6) and 574.031(k) to incorporate the prosecutor's costs associated with preparing all necessary documents. This construction restricts the amount of money for which a responsible county is liable to the county in which a mental-health-services facility is located, but permits the hospital's county some reimbursement for costs incurred.

By contrast, Wichita County, where another regional mental-health-services provider is located, has express statutory authority to collect a "reasonable fee" from the responsible county. TEX. GOV'T CODE ANN. § 44.343(b) (Vernon Supp. 2001). The "reasonable fee" is defined as "an amount equal to the fee ordered by the Court for any attorney court-appointed to represent the patient

or proposed patient at each hearing." *Id.* Thus, the Wichita County prosecutor arguably is not limited by the $50 maximum fee set in section 574.031(k) of the Health and Safety Code. *See* TEX. HEALTH & SAFETY CODE ANN. § 574.031(k) (Vernon Supp. 2001); *see also* Debate on H.B. 591 on the Floor of the Senate, 75th Leg., R.S. (May 27, 1997) (testimony of Senator Rodney Ellis) (tape available from Senate Staff Services Office) (stating that Wichita County "is the only one where the county managed to go in and get permission to charge whatever fee they wanted to charge"). This statute, applicable only to Wichita County, makes even clearer the fact that other counties, including Howard County, may request no more than $50 for prosecutor's fees. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 571.018(c)(6), 574.031(k) (Vernon Supp. 2001).

Accordingly, Howard County may not charge a responsible county a fee separate from the prosecutor's fee authorized by sections 571.018(c)(6) and 574.031(k) of the Health and Safety Code to prepare documents associated with the various proceedings.

Of course, any request for costs is reviewed and approved by a court. The court in an action under the Mental Health Code must order the responsible county reasonably to compensate "attorneys, physicians, language interpreters, sign interpreters, and masters appointed" in the mental-health proceeding. *See id.* § 571.017(a) (Vernon 1992). The court "may assess" a prosecutor's fee not to exceed $50 "for the services of a prosecuting attorney." *Id.* § 574.031(k) (Vernon Supp. 2001). What is a reasonable cost in a particular case "is a question of fact to be determined by the trier of fact." *Jim Rutherford Invs., Inc. v. Terramar Beach Cmty. Ass'n*, 25 S.W.3d 845, 853 (Tex. App.–Houston [14th Dist.] 2000, pet. denied); *cf.* TEX. R. CIV. P. 131, 141 (1979) (permitting successful party to civil action to recover all costs, although "court may, for good cause, . . . adjudge the costs otherwise"). We will not consider the validity of any particular court order. *See* Tex. Att'y Gen. LO-93-74, at 3 (stating that attorney general will not issue opinion "that is in effect an appeal of a judicial [order]" or that construes court order); *see also* Tex. Att'y Gen. Op. No. JC-0094 (1999) at 1, 4 (presuming, to avoid construing court order, that no relevant court order is in effect).

With the exception of Wichita County, our conclusion applies to each Texas county in which a regional mental-health-services hospital is located. *See* TEX. GOV'T CODE ANN. § 44.343(b) (Vernon Supp. 2001). Each other county in which a regional mental-health-services hospital is located is subject to the $50 limit on allowable prosecutor's fees. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 571.018(c)(6), 574.031(k) (Vernon Supp. 2001).

### B. Whether Howard County may refuse to hold hearings for patients at Big Spring State Hospital if it cannot collect a separate document-preparation fee from the responsible county

You ask second whether, if we conclude that Howard County may not charge the document-preparation fee, the county may refuse to "do" hearings for a patient for whom another county is responsible. Request Letter, *supra* note 1, at 3. We presume you mean us to answer this question if we determine—as we have—that the costs of document preparation are included within the

prosecutor's fees that Howard County may request under section 571.018(c)(6) of the Health and Safety Code.

You list four proceedings about which you are concerned: a probable-cause hearing under section 574.025; a ninety-day hearing under section 574.034; a hearing on a motion for extended care under section 574.035; and a hearing on a motion to authorize the administration of psychoactive medication under section 574.104. The answer to your question depends upon the statutes applicable to each type of hearing. TEX. HEALTH & SAFETY CODE ANN. §§ 574.025, .034, .035, .104 (Vernon Supp. 2001).

Howard County, as the county that is home to a mental-health hospital, may not refuse to conduct a probable-cause hearing under section 574.025 of the Health and Safety Code if an application for court-ordered mental-health services is pending in the appropriate Howard County court. A section 574.025 probable-cause hearing must be held in the court in which an application for court-ordered mental-health services is pending. *See id.* §§ 574.021(a), .025 (Vernon 1992 & Supp. 2001). A probable-cause hearing is held to determine whether a proposed patient who is the subject of a protective-custody order, issued under section 574.022 of the Health and Safety Code, "presents a substantial risk of serious harm to himself or others to the extent that he cannot be at liberty pending the hearing on court-ordered mental health services." *Id.* § 574.025(a)(1) (Vernon Supp. 2001); *see also id.* § 574.022 (Vernon 1992) ("Issuance of Order"). The hearing generally must be held within seventy-two hours after the proposed patient was detained under a protective-custody order and may be held before a magistrate or before a master appointed by "the presiding judge." *See id.* § 574.025(b), (c) (Vernon Supp. 2001). Sections 574.021, which dictates the court in which a motion for a protective-custody order must be filed, and 574.025, regarding the probable-cause hearing, both are part of chapter 574, subchapter B. Thus, the phrase "the presiding judge" in section 574.025(c) refers to the judge presiding over the motion for order of protective custody filed under section 574.021, before whom an application for court-ordered-mental-health services is pending. *See id.* § 574.021(a) (Vernon 1992); Tex. Att'y Gen. Op. No. 0358 (2001). Under section 574.021, a motion for protective-custody order "may be filed only in the court in which an application for court-ordered mental health services is pending." TEX. HEALTH & SAFETY CODE ANN. § 574.021(a) (Vernon 1992); *see also id.* § 574.021(b) (permitting only county or district attorney to file motion for protective-custody order, except that court may file on its own motion). If "the court in which an application for court-ordered mental health services is pending" is a Howard County court, Howard County may not avoid its duty to conduct the hearing. *Id.* § 574.021(a). But if the court is in another county, that county must handle the hearing.

On the other hand, Howard County courts lack jurisdiction to conduct either a ninety-day hearing under section 574.034 or a hearing on a motion for extended care under section 574.035 with respect to a patient receiving temporary inpatient mental-health services in Howard County under order by another county's court unless the appropriate Howard County court has arranged to hold the hearing. A ninety-day hearing under section 574.034 and a hearing on a motion for extended

care under section 574.035 are both within subchapter C of the Health and Safety Code. Jurisdiction of all proceedings under subchapter C is dictated by section 574.008:

> (a) A proceeding under Subchapter C or E ["Post-Commitment Proceedings"] must be held in the statutory or constitutional county court that has the jurisdiction of a probate court in mental illness matters.
>
> . . . .
>
> (c) If a patient is receiving temporary inpatient mental health services in a county other than the county that initiated the court-ordered inpatient mental health services and the patient requires extended inpatient mental health services, the county in which the proceedings originated shall pay the expenses of transporting the patient back to the county for the hearing unless the court that entered the temporary order arranges with the appropriate court in the county in which the patient is receiving services to hold the hearing on court-ordered extended inpatient mental health services before the original order expires.
>
> . . . .

*Id.* § 574.008(a), (c) (Vernon Supp. 2001). Although a patient may receive temporary inpatient mental-health services in a county other than the county that initiated the court-ordered inpatient mental-health services, the county "in which the proceedings originated" retains jurisdiction to consider whether the patient requires extended inpatient care. *Id.* § 574.008(c). Barring an arrangement between the court that entered the temporary order and the appropriate Howard County court, the patient must be transported back to the county that entered the temporary order for the ninety-day hearing and the hearing on a motion for extended care.

In general, "a statutory county court has, concurrent with the county court, the probate jurisdiction provided by general law for county courts." TEX. GOV'T CODE ANN. § 25.0003(d) (Vernon Supp. 2001); *see also* TEX. PROB. CODE ANN. §§ 3(bb), 4, 5(b) (Vernon Supp. 2001) (defining "probate proceedings," as well as jurisdiction of county courts and district courts with respect to probate proceedings); *id.* §§ 605, 606(b) (defining county courts' and district courts' jurisdiction of mental-health matters). If a county has a statutory probate court, however, "a statutory probate court is the only county court created by statute with probate jurisdiction." TEX. GOV'T CODE ANN. § 25.0003(e) (Vernon Supp. 2001). "A statutory county court does not have the jurisdiction of a statutory probate court" that the Texas Probate Code grants statutory probate courts. *Id.* § 25.0003(f). Specifically, the County Court of Lubbock County, one of the counties you mention, has the general jurisdiction of a probate court, including, we presume, matters related to court-ordered mental-health services. *Id.* § 25.1542(a) (Vernon Supp. 2001) (stating that Lubbock

County Court at Law has jurisdiction as provided by Government Code section 25.0003). The Potter County Court at Law appears to have jurisdiction of probate matters. *See id.* § 25.1902(a); *see also id.* § 25.0003(d) - (f).

Even if the appropriate Howard County court has arranged to hold a ninety-day hearing or a hearing on a motion to extend mental-health care, Howard County may not charge the responsible county a separate document-preparation fee. Unless specific authority is vested in another county official, only the commissioners may enter contracts that bind the county. *See* Tex. Att'y Gen. Op. No. JC-0034 (1999) at 4 (and opinions cited therein); *see also Cameron's Ex'rs v. State*, 67 S.W. 348, 360 (Tex. Civ. App.), *rev'd on other grounds*, 68 S.W. 508 (1902) (suggesting that county courts may not make contracts without authority of law). While the appropriate county court may arrange to hold the hearing for another county court, it may not bind the county transferring the case to pay a document-preparation fee. Moreover, the costs that the responsible county must pay for the proceeding are restricted by section 571.018 of the Health and Safety Code. *See* TEX. HEALTH & SAFETY CODE ANN. § 571.018(c) (Vernon Supp. 2001).

With respect to a hearing on a physician's application to administer psychoactive medication to a patient transferred to Big Spring State Hospital from another county, Howard County may not refuse to conduct the hearing if the application was transferred to a Howard County court. Section 574.104 controls court authority to hear an application to authorize psychoactive medication. An application to authorize psychoactive medication is filed not by either of the counties involved, but by a physician, acting on the state's behalf, who is treating the patient. *See id.* § 574.104(a). The physician's application to authorize the administration of psychoactive medication is distinct from the application for court-ordered mental-health services, although the patient must either be under an order for temporary or extended mental-health services under section 574.034 or 574.035 or must be the subject of a pending motion for temporary or extended services. *See id.* § 574.104(c); *see also id.* §§ 574.034, .035. Whether a hearing on a physician's application to administer psychoactive medication occurs in the county in which the hospital is located or in the county where the proceedings originated may depend upon whether the psychoactive-medication application is heard on the same day as the application for court-ordered mental-health services:

> The hearing on the application may be held on the date of a hearing on an application for court-ordered mental health services under Section 574.034 or 574.035 but shall be held not later than 30 days after the filing of the application for the order to authorize psychoactive medication. If the hearing is not held on the same day as the application for court-ordered mental health services under Section 574.034 or 574.035 and the patient is transferred to a mental health facility in another county, the court may transfer the application for an order to authorize psychoactive medication to the county where the patient has been transferred.

*Id.* § 574.104(d). Section 574.014(d) thus imposes upon Howard County an obligation to hear an application that has been transferred to a Howard County court. Even so, the responsible county must pay costs as required by section 571.018(c)(6) of the Health and Safety Code. *See id.* § 571.018(c)(6). *See generally* Tex. Att'y Gen. Op. No. JC-0287 (2000) at 2-3.

Finally, in those situations in which a Howard County court has jurisdiction, either expressly under the statutes or through transfer, the Howard County Attorney must represent the State. Article V, section 21 of the Texas Constitution requires the county attorney to represent the State "in all cases in the District and inferior courts in" his or her county, unless the county is included in a district with a district attorney. TEX. CONST. art. V, § 21. Howard County is part of the 118th Judicial District, *see* TEX. GOV'T CODE ANN. § 24.220(a) (Vernon 1988), and is represented by the 118th Judicial District Attorney, *see id.* § 43.153(a). Nevertheless, under section 571.016 of the Health and Safety Code, it is the Howard County Attorney, and not the district attorney, who represents the State in these proceedings: "Unless specified otherwise, in a hearing held under this subtitle: (1) the county attorney shall represent the state; or (2) if the county has no county attorney, the district attorney, the criminal district attorney, or a court-appointed special prosecutor shall represent the state." TEX. HEALTH & SAFETY CODE ANN. § 571.016 (Vernon Supp. 2001); *see also* Tex. Att'y Gen. LO-94-073, at 2 ("[S]ection 571.016 requires the county or district attorney to represent a state-employed physician seeking an order under section 574.106 to administer psychoactive drugs . . . .").

## IV.    Conclusion

Under section 571.018 of the Health and Safety Code, Howard County, as the county that is home to a mental-health hospital, may not charge the responsible county a separate fee for document preparation. Rather, costs of the prosecutor's office in preparing for various proceedings are included within the "prosecutor's fees" that may be charged under section 571.018(c). The prosecutor's fees may not exceed $50. *See* TEX. HEALTH & SAFETY CODE ANN. § 574.031(k) (Vernon Supp. 2001).

Howard County may not refuse to conduct a probable-cause hearing under section 574.025 of the Health and Safety Code if an application for court-ordered mental-health services is pending in the appropriate Howard County court. On the other hand, Howard County courts lack jurisdiction to conduct either a ninety-day hearing under section 574.034 or a hearing on a motion for extended care under section 574.035 with respect to a patient receiving temporary inpatient mental-health services in Howard County under order by another county's court unless the appropriate Howard County court has arranged to hold the hearing. With respect to a hearing on an application to administer psychoactive medication under section 574.104 to a patient transferred to Big Spring State Hospital from another county, Howard County may not refuse to conduct the hearing if the application was transferred to a Howard County court. The Howard County Attorney must represent the State in a mental-health proceeding before a Howard County court.

**S U M M A R Y**

Howard County, as home to Big Spring State Hospital, may not charge a county that is responsible to pay the costs associated with a patient at the hospital a separate fee for document preparation. Rather, costs that the prosecutor's office incurs preparing documents for various proceedings are included within the "prosecutor's fees" that may be charged under section 571.018(c) of the Health and Safety Code. *See* TEX. HEALTH & SAFETY CODE ANN. § 571.018(c) (Vernon Supp. 2001). The prosecutor's fees may not exceed $50. *See id.* § 574.031(k).

Howard County may not refuse to conduct a probable-cause hearing under section 574.025 of the Health and Safety Code if an application for court-ordered mental-health services is pending in the appropriate Howard County court. *See id.* § 574.025. But, with respect to a patient receiving temporary inpatient mental-health services in Howard County under order by another county's court, Howard County Courts have no jurisdiction to conduct a ninety-day hearing under section 574.034 or a hearing on a motion for extended care under section 574.035 unless the appropriate Howard County court has arranged to hold the hearing. *See id.* §§ 574.034, .035. With respect to a hearing on a physician's application to administer psychoactive medication to a patient transferred to Big Spring State Hospital from another county, Howard County may not refuse to conduct the hearing if the application was transferred to a Howard County court. *See id.* § 574.104. The Howard County Attorney represents the State in a mental-health proceeding before a Howard County court.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General - Opinion Committee