# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

Argued December 11, 2007          Decided February 8, 2008

No. 07-7012

EVAN FISHER, A MINOR, THROUGH HIS PARENTS
AND NEXT FRIENDS DAVID AND PATRICIA FISHER, *ET AL.*,
APPELLEES

v.

DISTRICT OF COLUMBIA,
A MUNICIPAL CORPORATION, AND
MICHELLE RHEE,
APPELLANTS

---

Appeal from the United States District Court
for the District of Columbia
(No. 05cv00738)

---

*Donna M. Murasky*, Senior Assistant Attorney General, Office of Attorney General for the District of Columbia, argued the cause for the appellants. *Linda J. Singer*, Attorney General at the time the brief was filed, *Todd S. Kim*, Solicitor General, and *Edward E. Schwab*, Deputy Solicitor General, were on brief.

*Diana M. Savit* argued the cause for the appellees.

Before: GINSBURG, *Chief Judge*, and HENDERSON and GRIFFITH, *Circuit Judges*.

Opinion for the court filed by *Circuit Judge* HENDERSON.

KAREN LECRAFT HENDERSON, *Circuit Judge*: Appellants Michelle Rhee, Chancellor of the District of Columbia Public Schools, *et al*. (DCPS), appeal the district court's order requiring DCPS to reimburse appellees Evan Fisher, a minor, through his parents and next friends David and Patricia Fisher (collectively the Fishers) for expert fees incurred in an action brought pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 *et seq.* (IDEA). Although the district court recognized that the Supreme Court's holding in *Arlington Central School District Board of Education v. Murphy*, 126 S. Ct. 2455 (2006), and our holding in *Goldring v. District of Columbia*, 416 F.3d 70 (D.C. Cir. 2005), established that expert fees are not "costs" that may be awarded under the IDEA, it nonetheless ordered DCPS to reimburse the Fishers for expert fees they incurred because DCPS had a "policy" pursuant to which it had previously awarded expert fees to prevailing IDEA parties. For the reasons set forth below, we reverse the district court's judgment.

**I.**

Evan Fisher (Fisher) is a learning disabled student whose family lives in the District. After partially prevailing at an IDEA due process hearing, *see* 20 U.S.C. § 1415, involving the placement of Fisher at a boarding school in Massachusetts, on April 18, 2005, the Fishers requested payment of their legal fees and expenses as "prevailing parties" under the IDEA's fee-shifting provision.[1] Only two months earlier—on February 1, 2005—DCPS had issued "Guidelines for the Payment of

---

[1]The IDEA provides that "the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I).

Attorney Fees in IDEA Matters" (Guidelines), providing in pertinent part:

> Consistent with recent judicial decisions and the provisions of 28 U.S.C. § 1920 . . . , DCPS will pay reasonable costs incurred for expert/advocate services in connection with a due process hearing request, where the parent is determined to be a prevailing party.

DCPS Guidelines for the Payment of Attorney Fees in IDEA Matters 3-4 (Feb. 1, 2005).

As noted, the Fishers requested reimbursement of $8,399.50 in expert fees. They had earlier appealed in part the hearing officer's determination by filing a complaint in district court on April 12, 2005. In July 2005, the Fishers received notice that the DCPS Office of General Counsel had approved payment of $2,965 in expert fees. It disallowed $1,832.50 in fees incurred for expert services performed before the Fishers requested a due process hearing, $875 in expert fees for post-hearing work and $2,727 in expert fees that were not sufficiently described.

On July 26, 2005, this court held in *Goldring v. District of Columbia*, 416 F.3d 70 (D.C. Cir. 2005), that expert fees are not awardable to prevailing parties as "costs" under the IDEA's fee-shifting provision. The Fishers nonetheless amended their complaint on August 2, 2005 to include a claim for full payment of expert fees (a balance of $5,434.50) incurred in the administrative proceedings.

The parties subsequently settled the IDEA claim and the district court approved the settlement on January 10, 2006. As part of the settlement, the district court retained jurisdiction to decide the Fishers' claim for fees and expenses, including their request for $5,434.50 in unreimbursed expert fees. Although DCPS argued that the *Goldring* decision alone precluded an award of expert fees, the district court stayed its ruling pending the Supreme Court's decision in *Arlington Central School*

*District Board of Education v. Murphy*, 126 S. Ct. 2455 (2006). On June 26, 2006, the Supreme Court held that expert fees are not recoverable in IDEA actions because "the terms of the IDEA fail to provide the clear notice that would be needed to attach such a condition to a State's receipt of IDEA funds." *Id.* at 2461.

Citing *Arlington Central School District* and *Goldring*, the district court denied the Fishers' request for expert fees. *Fisher v. Janey*, No. 05-738, slip op. at 5 (D.D.C. Aug. 28, 2006). The Fishers moved to alter or amend the order pursuant to Federal Rule of Civil Procedure 60 and the district court eventually ordered DCPS to reimburse the Fishers the remaining $5,434.50 in expert fees. *Fisher v. Janey*, No. 05-738, mem. at 2 (D.D.C. Oct. 4, 2006). The district court explained that "at the time the plaintiffs litigated their administrative due process case and submitted their request for reimbursement of attorneys' fees and costs, [DCPS] had a policy of paying expert fees to prevailing parties" and observed that "[p]ursuant to this policy, [DCPS] granted in part and denied in part plaintiffs' request . . . stating that the plaintiffs failed to satisfy the DCPS guidelines for receiving a reimbursement." *Id.* Noting that DCPS "concede[d] that IDEA does not prohibit a voluntary payment of expert fees," the district court ordered DCPS to pay the Fishers the full amount of expert fees "because plaintiffs have satisfied [DCPS's] guidelines for requesting voluntary payment of such fees." *Id.* DCPS filed a timely appeal pursuant to 28 U.S.C. § 1291.

## II.

We review the district court's award of expert fees *de novo*. *Goldring*, 416 F.3d at 73 (citing *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995)). The IDEA provides that "[i]n any action or proceeding brought under [the IDEA], the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I). As noted, DCPS's

Guidelines authorized DCPS to pay expert fees "[c]onsistent with recent judicial decisions." DCPS Guidelines for the Payment of Attorney Fees in IDEA Matters 3-4 (Feb. 1, 2005). Accordingly, DCPS conditioned payment of expert fees on applicable judicial interpretation of the IDEA fee-shifting provision.

At the time the Fishers submitted their fee request, the circuits were split over whether an IDEA prevailing party could recover expert fees[2] and the D.C. Circuit had not yet decided the issue. *See Goldring*, 416 F.3d at 73 ("The question whether the IDEA's fee-shifting provision—section 1415—enables a prevailing party to recover expert fees as part of his costs is one of first impression in our Circuit . . . ."). Our Circuit's district court decisions were also divided although most had held that the fees were recoverable. *See Czarniewy v. District of Columbia*, No. 02-1496, slip op. at 8-10, 2005 WL 692081 (D.D.C. Mar. 25, 2005) (allowing award of expert fees); *Bailey v. District of Columbia*, 839 F. Supp. 888, 892 (D.D.C. 1993) (same); *Aranow v. District of Columbia*, 791 F. Supp. 318, 318 (D.D.C. 1992) (same). *But see George v. District of Columbia*, No. 03-1656, mem. at 2 (D.D.C. Mar. 8, 2005) (denying award of expert fees). According to the Guidelines, then, at the time the Fishers initially submitted their claim for reimbursement, "recent judicial decisions" at the district court level indeed permitted the recovery of expert fees. Both *Goldring* and *Arlington Central School District* subsequently held, however, that expert fees are not awardable to prevailing parties as "costs"

---

[2]*Compare T.D. v. LaGrange Sch. Dist. No. 102*, 349 F.3d 469, 481-82 (7th Cir. 2003) (IDEA prevailing party cannot recover expert fees), *and Neosho R-V Sch. Dist. v. Clark*, 315 F.3d 1022, 1031-33 (8th Cir. 2003) (same), *with Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ.*, 402 F.3d 332, 337-39 (2d Cir. 2005) (IDEA prevailing party can recover expert fees); *Arons v. N.J. Bd. of Educ.*, 842 F.2d 58, 62 (3d Cir. 1988) (same).

under the IDEA's fee-shifting provision. *See* 416 F.3d at 75-77; 126 S. Ct. at 2461. Once the basic assumption upon which its Guidelines had rested—that it was required to reimburse expert fees under the IDEA—was held incorrect, DCPS decided not to reimburse such fees.

The Fishers contend DCPS could not alter its position on expert fees, at least with respect to their claim, for two reasons. First, they say DCPS waived its right to deny the Fishers' claim by its earlier adoption of the Guidelines requiring reimbursement and by originally paying the Fishers' claim in part. Appellees' Br. 10-12. But at the time of those events, DCPS reasonably believed it was required to reimburse expert fees under the IDEA and expressly conditioned the Guidelines upon that belief. Once intervening decisions—*Goldring* and *Arlington Central School District*—made clear the IDEA did not require DCPS to reimburse expert fees, DCPS changed its position. It did not, therefore, by its actions before the issuance of *Golding* and *Arlington Central School District* "knowingly and voluntarily relinquish[] its right." *Nat'l Treasury Employees Union v. Fed. Labor Relations Auth.*, 399 F.3d 334, 337 n.4 (D.C. Cir. 2005) (quotation omitted).

Second, the Fishers contend DCPS's about-face was arbitrary and capricious in violation of "standard principles of administrative law." Appellees' Br. 12. Assuming *arguendo* that the Fishers' complaint can be interpreted as mounting an Administrative Procedure Act challenge,[3] DCPS's decision

---

[3]We find the Fishers' "arbitrary and capricious" theory opaque for several reasons. First, the Fishers do not explain whether they are invoking the federal or the District's Administrative Procedure Act. Second, the Fishers do not identify any right to reimbursement *aliunde* the IDEA. And that right is not found in the IDEA because, by the time the Fishers submitted their claim, *Goldring* and *Arlington Central School District* had established that the IDEA does not create such a

denying reimbursement was neither arbitrary nor capricious. As noted, the original reimbursement was predicated on district court decisions—as the only authoritative "recent judicial decisions"—allowing an award of expert fees under the IDEA. Once *Goldring* and *Arlington Central School District* were decided, DCPS was no longer authorized to reimburse prevailing parties for expert fees; therefore DCPS acted correctly in denying the Fishers the remainder of their expert fees in light of the two intervening decisions.

For the foregoing reasons, we reverse the district court's judgment.

*So ordered.*

---

right. DCPS generously construes the Fishers' theory to be that the Guidelines create an independent and enforceable right to fees irrespective of the IDEA. This leads DCPS to argue that the Guidelines are, as their name suggests, not enforceable rules. Because, as we show in the text, DCPS's denial of reimbursement was plainly neither arbitrary nor capricious, we need go no further in analyzing the issue. We will, however, remind the Fishers that, while Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include only a "short and plain statement of the claim" and we construe the complaint liberally, *see Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004), the complaint must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests,'" *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quotation omitted). Even under a liberal reading, the complaint fails to provide DCPS with notice that the Fishers sought to recover their expert fees pursuant to an alleged violation of an Administrative Procedure Act. *See* Amended Compl. ¶ 54 ("As parties who prevailed at an administrative due process hearing brought pursuant to the IDEA, the Fishers are entitled to recover the reasonable attorney's fees and expenses incurred in connection with that proceeding.").